(15 Misc. Rep. 256.)

### DONAHUE v. NEW YORK CENT. & H. R. R. CO.

(Superior Court of Buffalo, General Term.  December 23, 1895.)

**1. TRIAL—INSTRUCTIONS NOT SUPPORTED BY EVIDENCE.**

In an action against a railroad company for the death of plaintiff's intestate, resulting from an accident at a street crossing, it was error to charge that defendant was prohibited by a city ordinance from blowing a whistle, and that it was the duty of defendant's employés to conform thereto, where such ordinance was not proved on the trial.

**2. APPEAL—CORRECTION OF ERROR WITHOUT AN EXCEPTION.**

Where a verdict and judgment are contrary to the evidence and the law, and on appeal there is before the supreme court a case clearly presenting the grounds of error, such court will exercise its power to correct the error with or without an exception.

Appeal from trial term.

Action by Mary A. Donahue, as administratrix, etc., against the New York Central & Hudson River Railroad Company, for the death of plaintiff's intestate, caused by defendant's negligence, in which there was a verdict for defendant.  From an order granting a motion by plaintiff for a new trial, defendant appeals.   Affirmed.

Argued before TITUS, C. J., and HATCH, J.

James F. Gluck, for appellant.

Silver & Brown, for respondent.

HATCH, J.   The special ground of error assigned upon the motion consisted in a misdirection of the court to the jury respecting a question of law.   The action was to recover damages for causing death of plaintiff's intestate.   After the jury had retired for deliberation, they asked for further instructions, and, being brought into court, asked if defendant was responsible for the negligence of the fireman in not blowing the whistle when he saw these men approaching the tracks.   The court replied:

"Not necessarily.  They are not compelled either to blow the whistle or ring the bell.  But it is necessary for them to use care and diligence in approaching a crossing to avoid injuring people.  Whether they should have done something more than they did, is for the jury to say, in order to reasonably insure the lives or safety of the people.  There is no law that requires them to ring a bell or blow a whistle.  By a Juryman: The question is whether they exercised due diligence in regard to the safety of these men, when the fireman saw them, in not giving warning.  By the Court: You must determine that question whether the railroad company ought to have done more to reasonably insure the safety of the people passing over the street.  That becomes material if you find the plaintiff's intestate was free from negligence, because, if the dead man was in any way negligent, it would not make any difference whether the railroad company was negligent or not.  Mr. Gluck: Under the city charter, we are not allowed to blow any whistle at all.  The court will take notice of that.  By the Court: Yes, I think they are not permitted by the ordinances to do that.  By a Juryman: In order to save life, would it not have been right and fair not to pay attention to the ordinances?  By the Court: No, the railroad employés had a right to obey the law. It was their duty to conform to the law.  The real question for you is whether the railroad company exercised reasonable care and diligence in trying to protect people."

It is apparent that the jury had a clear conception of the point at issue, and that they thoroughly understood the charge of the

court, and appreciated the fact that the ordinance prohibiting the blowing of the whistle was one of controlling importance, and they desired to be left untrammeled by its effect, if that were possible, in determining the liability of defendant. This condition was produced by defendant's counsel, as in other respects the court's charge was unexceptionable, and properly stated the rule of law. We are therefore able to say that the charge that no whistle could be blown quite likely produced the verdict which the jury finally rendered. The instruction of the court was clearly erroneous. No ordinance had been proved in the case, and there was nothing in the evidence upon which to base the charge; consequently no evidence upon which the jury could relieve defendant of an act of negligence for a failure to blow its whistle, if such action was proper and necessary to signal its presence and give due warning to deceased. It can therefore be said that such act upon their part was not only contrary to evidence, but contrary to law; and the court has always been authorized to set aside verdicts under such circumstances. Standard Oil Co. v. Amazon Ins. Co., 79 N. Y. 506; Wasilewski v. Wendell, 9 N. Y. St. Rep. 508. In fact there was no such ordinance as that invoked by defendant. The ordinance only prohibited the blowing of a whistle when it was not essential for signal purposes. Section 4, Ordinances, City Charter, p. 42.

It is claimed that no exception was taken to the charge, in consequence of which no question was presented, and could not be, on a motion for a new trial based upon section 999, Code Civ. Proc. That the court has the power to grant a motion for a new trial with or without an exception does not seem to be disputed, nor can it be successfully. McDonald v. Walter, 40 N. Y. 555; Whittaker v. Canal Co., 49 Hun, 400, 3 N. Y. Supp. 576. It is doubtful if the claim that no exception was taken can be upheld. The record shows that the jury was returned into court, and when the instructions were given it does not appear that plaintiff or her attorney was present. The record shows that defendant's attorney was present and participated in the instruction, and was in fact responsible for the erroneous charge. We must assume that the record states all that transpired, and that does not show that plaintiff or counsel was present. Where such is the case, the party may raise the question as though a formal exception had been taken. Wheeler v. Sweet, 137 N. Y. 435, 33 N. E. 483. It is true that affidavits are attached to the record, and that such affidavits show that a clerk of plaintiff's counsel was present, and assented to the charge as made. We are not now called upon to express an opinion upon the effect of the action of the clerk, for the reason that these affidavits are not now before us. They are not recited in the order, nor does it appear that the judge considered them, or that he was expected to consider them, upon the merits of the motion. The brief of the respondent states that they were used to secure a postponement of the hearing, and their contents seem to point in that direction. But, however that may be, they form no part of the record, as they are not recited in the

order as having been used, and nothing appears to show that they were used upon the merits of the motion. Thompson v. Taylor, 13 Hun, 201; Smith v. Smith, 43 N. Y. Super. Ct. 140. If, however, the contention could be sustained that it was essential to make a case in order to present the ground of error, it is sufficient, in answer, to say that there is a case now before this court clearly presenting the ground of error, and that this court is now possessed of power to correct the error, with or without an exception, and we think this a proper case for the exercise of the power. Roberts v. Tobias, 120 N. Y. 1, 23 N. E. 1105; Hogan v. Railroad Co., 124 N. Y. 647, 26 N. E. 950; Benedict v. Johnson, 2 Lans. 94; Railroad Co. v. Charlier (Sup.) 7 N. Y. Supp. 528. There can be no ground of complaint made by defendant to this rule. No objection was raised before the court below that it was without power to grant the relief, or that the practice was in any sense irregular; and now, having prepared the proper record, and brought it into this court, he should not be heard to complain if this court now exercises upon a proper record its power to correct the error which the record discloses. If we could now say that the court below had no power to correct the error upon a motion made under section 999, the question now here would not be answered; for among the grounds of motion is a separate statement of the ground of error relied on here, independent of those embraced in that section, and upon which we think the court below had the power to act, and that its action was in harmony with right and justice. What questions are embraced in the phrase "contrary to law" we do not now consider. The authorities are not harmonious, and whether a misdirection by a court to the jury, where no exception is taken, upon a vital point in the case, can be reached as a basis of error under section 999, we do not now determine. A consideration of the early rule and the practice which obtained thereunder tends to the conclusion that it may be done. Learned judges have recently said that it may not be. We express no opinion, as it is not necessary to a decision of this case.

The order appealed from is affirmed, with costs and disbursements.