ROBERT FRANCIS LOCKLIN, an Infant, by FORREST ANDREW LOCKLIN, His Guardian ad Litem, Appellant, v. JAMES IRWIN FISHER, Respondent.

Third Department, July 1, 1942.

*Armand A. Mancuso* [*Andrew W. Ryan* of counsel], for the appellant.

*Patrick J. Tierney,* for the respondent.

HEFFERNAN, J. Plaintiff has appealed from a judgment of the Clinton Trial Term of the Supreme Court in defendant's favor based on the verdict of a jury in an action to recover damages for personal injuries.

The facts are not in dispute and only a single question of law is presented.

On the afternoon of May 2, 1941, defendant was driving his automobile in a southerly direction on the Lake Shore road, a macadam highway about sixteen feet in width, from his home at Chazy Landing towards the city of Plattsburg. At a point about two miles south of his home defendant's car collided with a bicycle upon which plaintiff, a boy twelve years of age, was coasting out of a private driveway located on the westerly side of the highway in question. The driveway is of gravel, about ten feet in width, sloping slightly down grade and leveling off where it intersects the main road. Plaintiff testified that he was two or three feet from the highway when he saw defendant's car approaching from the north about five or six feet away. He said he tried to apply his brake but the front wheel of the bicycle struck the right rear fender of defendant's car, causing the injuries resulting in this litigation.

Defendant testified that on the occasion in question he was driving his car on the proper side of the road at a speed of thirty-five or forty miles an hour; that he had a clear view of the road ahead of him; that he saw plaintiff coming down the driveway when his car was thirty or forty feet north of it; that he did not give any signal of his approach nor reduce the speed of his car and that plaintiff ran into it opposite the driveway.

After charging the jury generally on the questions of negligence, contributory negligence and the degree of care which the law requires of an infant the learned trial justice said: " Now in connection with the question of contributory negligence you may also consider a statute of the State of New York which provides that the driver of a vehicle emerging from an alley, driveway, garage or stable shall stop such vehicle immediately before entering the intersecting roadway and thereafter shall enter the roadway with care. By the provisions of this statute a bicycle is a vehicle. This statute applies to a bicycle. The evidence is undisputed here that the boy did not stop his bicycle before entering the main highway. If you find that that violation of this statute contributed in any way to this accident then again your verdict must be one of no cause of action."

Plaintiff contends that the quoted portion of the court's charge is erroneous. We think this contention has merit. The question is a novel one and so far as our research goes has never been passed upon directly by the courts of this State. The case of *Frazier* v. *Reinman* (230 App. Div. 394; affd., 256 N. Y. 626), relied upon by defendant, is not controlling. The question at issue here was not presented to or passed upon by the court in that case.

An infant is not guilty of contributory negligence if he has exercised the degree of care which may reasonably be expected from a child of like age, intelligence and experience. (*Camardo* v. *New York State Railways*, 247 N. Y. 111; *Gloshinsky* v. *Bergen Milk Transportation Co.*, 279 id. 54; *Trudell* v. *New York Rapid Transit Corp.*, 281 id. 82.)

A minor, in the absence of evidence to the contrary, is universally considered to be lacking in judgment. His normal condition is one of recognized incompetency. It is a matter of common knowledge that an infant not only lacks the adult's knowledge of the probable consequences of his acts or omissions but is wanting in capacity to make effective use of such knowledge as he has. A danger may be concealed by the obscurity of intelligence due to immaturity as well as by its own inherent obscurity. It is for these reasons that the law recognizes that indulgence must be shown the infant in appraising the character of his conduct. Manifestly the adult test of the reasonably prudent man cannot be applied in disregard of the actor's youth and inexperience. The fact that a child is *sui juris* does not mean that its conduct is measured according to the adult standard. The law is not so unreasonable as to exact from an infant the same degree of care and prudence in the presence of danger as it exacts from an adult.

In the instant case the trial judge told the jury that plaintiff violated subdivision 11 of section 81 of article 6 of the Vehicle and Traffic Law and that if such violation contributed to the accident he was guilty of contributory negligence as a matter of law. As to the effect of violating the statute the trial justice placed this child in the category of an adult. This statement in the charge is entirely inconsistent with what the court previously said about the standard of care required of an infant. The failure to comply with the statute presupposes that the person sought to be charged with its violation is capable of understanding its provisions. Evidently the court in charging as it did had in mind the legal fiction that every one is presumed to know the law. Although this is often repeated as an axiom a presumption so variant from the truth cannot be recognized by the law.

We think it was a question of fact for a jury and not a question of law for the court to say whether or not plaintiff, having in mind his age, intelligence and experience, had sufficient mental and physical capacity to be able to comply with the statute. To hold the statute applicable to minors who have not reached the age of understanding or to those mentally unable to comprehend its requirements is carrying the law of negligence to a point which is unreasonable and is establishing a doctrine abhorrent to all principles of equity and justice.

A somewhat similar question has arisen concerning the application to minors of statutes requiring the filing of claims as a prerequisite to suit against municipal corporations. In *Winter* v. *City of Niagara Falls* (119 App. Div. 586; revd., 190 N. Y. 198) the Appellate Division, whose statement on this point was expressly approved by the Court of Appeals, said: "A reasonable construction should be given statutes of this kind, on the one hand, to render more difficult any attempt to mulct the cities by unfounded claims, and, on the other hand, not to interpose unreasonable technical barriers to the enforcement of those which are meritorious. No rigid rule can be established. If an infant of ten years is injured, with no one capable of presenting a claim to the common council, the strict limitation of the statute should not be raised against him. If twenty years of age and mature and not disabled unduly by his injuries then the statutory requirements should be applicable. ' Each case must be a law unto itself ' within reasonable limits."

This statement was quoted by the Court of Appeals in *Murphy* v. *Village of Fort Edward* (213 N. Y. 397), but apparently without full approval of the qualification implied in the words " with no one capable of presenting a claim." The court said:

"There are cases holding that a parent is the natural guardian and protector of the rights of his infant child. It cannot, however, be justly held, we think, that rights accorded by the law to infants are forfeited because a parent did not perform for an infant where performance was excused because of the infancy.

"We are of the opinion that immature infancy, which includes the age of five years, is, as a matter of law, a condition of physical and mental inability excusing compliance with the requirement of section 341. It is reasonable to conclude that inability is attributable to a first period of infancy and ability is attributable to a final period, as a matter of law, and through a period lying between those two the question of ability is a question of fact to be submitted to and determined by the jury. (See *Forsyth* v. *City* of *Oswego*, 191 N. Y. 441, 444; *Cogan* v. *Burnham*, 175 Mass. 391; *Barclay* v. *City of Boston*, 167 Mass. 596; *Barclay* v. *City of Boston*, 173 Mass. 310.) It is not necessary now to determine the age at which the first period ends and that at which the final period begins; indeed they might differ with the facts of different cases. Certainly any child only five years old has not reached such maturity and capacity either physical or mental that he would seek to know his rights or could understand them if stated or apprehend the need of searching out or enforcing any legal remedies because of their invasion."

To the same effect is the statement in the later case of *Russo* v. *City of New York* (258 N. Y. 344), where the court said: "There are three periods of infancy to be considered in this connection. As matter of law the strict requirements of the statute are not enforced against an immature infant of approximately ten years or less. They are enforced against an infant of riper years, of ordinary physical and mental capacity. Between these two periods lies a middle period where the infant may or may not be held to the provisions of the statute under the facts of the case as the jury may determine. No exact limitation of these periods by age can safely be made and the classification may depend to some extent on the facts in a given case, but it is the age and capacity of the infant rather than the conduct of its parents and guardians which control."

We think the reasoning of these cases applies with equal force here and that a question of fact is presented as to whether or not plaintiff's physical and mental ability excused him from compliance with the provisions of the statute.

The judgment appealed from should be reversed on the law and a new trial granted, with costs to appellant to abide the event.

Bliss, Schenck and Foster, JJ., concur; Hill, P. J., dissents. The erroneous charge quoted in the opinion followed instructions which correctly stated the rule on *sui juris*. The plaintiff's counsel must have understood that the two statements were to be considered together as no exception was taken.

Judgment reversed on the law and a new trial ordered, with costs to appellant to abide the event.