PAUL J. McNAMARA, an Infant, by THOMAS L. McNAMARA, His Guardian ad Litem, Plaintiff, v. MAX COHEN, Defendant.

THOMAS L. McNAMARA, Plaintiff, v. MAX COHEN, Defendant.

Supreme Court, Trial Term, Steuben County, November 28, 1944.

*W. Earle Costello* and *Justin V. Purcell* for plaintiffs.

*George W. Pratt* for defendant.

WHEELER, J. The jury returned verdicts of no cause of action in each of the above-entitled actions, and plaintiffs have moved upon the Judge's minutes to set aside the verdicts and for a new trial upon all the grounds specified in section 549 of the Civil Practice Act. The second of the above actions being the father's action and therefore derivative, reference will be made herein to the first action only.

In the forenoon of July 29, 1941, plaintiff, Paul McNamara, aged fifteen years, was riding a bicycle in a westerly direction along East Market Street in the city of Corning at a point some three hundred feet west of the Gibson Bridge. At the time plaintiff was carrying Douglas Ford, aged eleven, upon the crossbar of his bicycle, and Paul Ford riding his own bicycle was following. Tioga Avenue runs north of and parallel with East Market Street for a considerable distance to the west and then intersects Market Street diagonally at a point some three hundred feet west of Gibson Bridge.

The plaintiff who was riding his bicycle some three or four feet from the north curb of Market Street, intending to continue westerly on Market Street, turned into Tioga Avenue for the purpose of going behind an eastbound automobile which was about to enter Market Street from Tioga Avenue. At about the same time defendant's truck also being driven in a westerly direction on Market Street, turned into Tioga Avenue and struck plaintiff at a point to the west of the center line of Tioga Avenue, causing the injuries for which plaintiff now seeks to recover damages.

For the purpose of this motion it is unnecessary for the court to analyze the conflicting evidence as to how the accident happened. Each party contends that the other was guilty of negligence. Notwithstanding the fact that the court did not agree with the conclusions of the jury, the evidence undoubtedly presented questions of fact for the jury both as to defendant's negligence and plaintiff's contributory negligence. Under such circumstances the judgment of the trial court is not to be substituted for that of the jury.

Plaintiff in his brief has raised what is believed to be a new and novel objection to the court's charge upon the subject of the infant plaintiff's contributory negligence arising out of the violation of subdivision 8 of section 88 of the Vehicle and Traffic Law. The statute provides that: " No driver of a motorcycle or bicycle shall carry any other person thereon, except on a seat securely fastened to the machine in the rear of the driver and provided with footrests and handgrips or in a side car attached to a motorcycle."

Concededly there was a violation of this statute by the plaintiff.

After charging the jury upon the subject of negligence and contributory negligence, and the degree of care which the law requires of an infant, the court proceeded to explain the effect of plaintiff's violation of the statute. The jury was told in substance that plaintiff did in fact violate the statute; and, that if such violation contributed to the accident, plaintiff was guilty of contributory negligence as a matter of law. Plaintiff asserts that the charge in this respect was erroneous and cites as his authority *Locklin* v. *Fisher* (264 App. Div. 452).

The charge in *Locklin* v. *Fisher* (*supra*) upon the subject of statutory violation was substantially the same as that in the instant case. The Appellate Division in reversing held that it was a question of fact for the jury and not a question of law for the court to say whether or not plaintiff, having in mind his age, intelligence and experience, had sufficient mental and physical capacity to be able to comply with the statute. Justice HEFFERNAN writing for the court points out the manifest inconsistency in placing a child in the category of an adult insofar as the effect of violation of a statute is concerned, and the charge which instructs the jury that an infant is not guilty of negligence if he has exercised the degree of care which may reasonably be expected from a child of like age, intelligence and experience. In its opinion the court stated (p. 455): " To hold the statute applicable to minors who have not reached the

age of understanding or to those mentally unable to comprehend its requirements is carrying the law of negligence to a point which is unreasonable and is establishing a doctrine abhorrent to all principles of equity and justice.''

The defendant contends that *Locklin* v. *Fisher* (*supra*) is to be distinguished from the case at bar inasmuch as the Locklin boy was only twelve years of age, whereas the plaintiff, Paul McNamara, was a highly intelligent boy of fifteen years of age.

The court in the *Locklin* case (*supra*) referred to the analogy existing between such violations and those situations concerning the application to minors of statutes requiring the filing of claims as a prerequisite to suit against municipalities. (*Winter* v. *City of Niagara Falls*, 119 App. Div. 586, revd. 190 N. Y. 198; *Murphy* v. *Village of Fort Edward*, 213 N. Y. 397; *Russo* v. *City of New York*, 258 N. Y. 344.)

In the *Russo* case (*supra*) it was held proper to submit to the jury the question of whether plaintiff, a girl aged fourteen, was physically and mentally able to comply with the statute requiring notice of claim. In that case the court said (p. 348): '' There are three periods of infancy to be considered in this connection. As matter of law the strict requirements of the statute are not enforced against an immature infant of approximately ten years or less. They are enforced against an infant of riper years, of ordinary physical and mental capacity. Between these two periods lies a middle period where the infant may or may not be held to the provisions of the statute under the facts of the case as the jury may determine. No exact limitation of these periods by age can safely be made   *   *   *.''

This quotation very definitely refutes defendant's attempt to differentiate as to the application of the rule, between a child aged twelve and one aged fifteen.

In view of these authorities, it seems apparent that the charge as given was erroneous in this respect. The jury should have been instructed to determine whether or not plaintiff, having in mind his age, intelligence and experience, had sufficient mental and physical capacity to be able to comply with the statute.

It is true that plaintiff failed to take an exception to the charge of the court as made. However, the court possesses the inherent right, in the event of an erroneous charge, to grant a motion for a new trial in the interest of justice, even in the absence of a formal exception. (*Donahue* v. *N. Y. C. & H. R. R. R. Co.*, 15 Misc. 256; *McDonald* v. *Walter*, 40 N. Y. 551.)

The motion to set aside the verdict and for a new trial is granted in each case, without costs.

**Order may be submitted accordingly.**