THERON HALL, as Administrator of the Estate of JEAN HALL, Deceased, Respondent, v. SOCONY-VACUUM OIL COMPANY, INC., et al., Appellants.— Defendants have appealed from a judgment rendered at the Warren County Trial Term of the Supreme Court in plaintiff's favor in the sum of $10,840.27 and from an order denying their motion for a new trial. The action was in negligence and was brought to recover for the death of plaintiff's intestate, a child eight years of age, and for conscious pain and suffering. The amount claimed in the complaint by reason of the wrongful death was $10,000. The case was submitted to the jury by the trial court solely upon the theory of damages by reason of the wrongful death, there being no proof of any conscious pain or suffering on the part of decedent, and consequently the failure to dismiss that cause of action was not prejudicial. There were no exceptions to the court's charge in that respect and no request for any further instructions on the question of damages. We find nothing prejudicial in counsel's remarks in summation. The jury rendered a verdict in favor of plaintiff for the sum of $12,000 and in addition thereto the sum of $162 for funeral expenses. The trial judge reduced the verdict to the sum of $10,000 on the cause of action for wrongful death. The accident happened on December 24, 1945. Plaintiff was driving a truck southerly on Route 28, a highway twenty-two feet in width consisting of two separate strips of eleven feet each. Plaintiff drove his truck entirely off the road on the westerly side in front of his garage and parked the same. Plaintiff's home was located on the easterly side of the highway and

about thirty feet off the road. After plaintiff stopped his truck the decedent opened the door of the cab, crossed the highway and entered upon her own property and was at least fifteen feet off the highway. Defendant's truck was also proceeding southerly in the rear of plaintiff's truck. The driver turned to his left, crossed the highway, entered upon plaintiff's property and struck the infant as a result of which she lost her life. The evidence as to the negligence of defendant driver is overwhelming. On his own admission he had plenty of room to pass on his own side of the road and no occasion warranted his making a left turn. The evidence sustains the finding of the jury. Judgment and order unanimously affirmed, with costs. Present — Hill, P. J., Heffernan, Brewster, Russell and Deyo, JJ. [See *post*, p. 1042.]

MARY M. CALORO, Individually and as Guardian ad Litem of DONALD CALORO, Respondents, v. HEREFORD SMITH, Appellant. MARY M. CALORO, as Administratrix of the Estate of COSMOS CALORO, Deceased, Appellant, v. HEREFORD SMITH, Respondent.— Appeal by the administratrix of the estate of Cosmos Caloro from a verdict of no cause of action in a death case, and from an order denying a new trial. Appeal by the defendant from a verdict of $10,000 in favor of the infant plaintiff Donald Caloro, and from an order denying a new trial. Both cases were tried before a jury at a term of the Supreme Court for Rensselaer County. The accident, out of which the cases arose, happened on a State highway, known as Route 9, between the city of Albany and the hamlet of East Greenbush. The jury apparently found that the decedent and the infant plaintiff, who were father and son, were walking in the direction of traffic. This was in violation of the statutory rule that pedestrians should walk facing traffic (Vehicle and Traffic Law, § 85, subd. 6). The trial court submitted to the jury the question of whether the decedent's violation of the statutory rule amounted to contributory negligence as a matter of fact. This was proper (*Tedla* v. *Ellman*, 280 N. Y. 124). As to the infant plaintiff the trial court charged that he was obliged to exercise only that degree of care that a boy of his age would ordinarily exercise under the circumstances. This was also proper (*Locklin* v. *Fisher*, 264 App. Div. 452). There was evidence from which the jury could find that the defendant was negligent. Judgments and orders affirmed, in the death case with no costs, and in the infant's case, with costs to respondent. Hill, P. J., Foster and Russell, JJ., concur; Brewster, J., concurs in the infant's case, and dissents in the action brought by the administratrix upon the ground that the finding, implicit in the no cause verdict, that deceased was guilty of contributory negligence, is against the weight of evidence; Deyo, J., concurs for affirmance in the death action but dissents in the infant's action on the ground that the Trial Judge charged that the statute (Vehicle and Traffic Law, § 85, subd. 6) requiring pedestrians to walk on the left side of the highway facing traffic did not apply because of the child's age, or in other words, that he was *non sui juris* so far as the statute was concerned. An infant is *non sui juris* only up to the age of three or four years (*Verni* v. *Johnson*, 295 N. Y. 436). After that he becomes *sui juris* and whether or not his conduct constitutes negligence becomes a question of fact to be determined by the jury in the light of what would be considered reasonable or prudent in the case of a child of the same age, capacity and experience under similar circumstances (*Gloshinsky* v. *Bergen Milk Transportation Co.*, 279 N. Y. 54; *Camardo* v. *New York State Railways*, 247 N. Y. 111). In the instant case the boy was eight years old, and his violation of the statute, although not constituting contributory negligence as a matter of law (*Tedla* v. *Ellman*, 280 N. Y. 124), was evidence of negligence which the jury had a right to consider, bearing in mind his age, intelligence