Sarah Silverman et al., Appellants, v. Joan Berson, Respondent.— Appeal from an order of the Supreme Court at Special Term denying plaintiffs' motion for a new trial on the ground of newly discovered evidence in an action tried in Sullivan County. As far as can be determined from the moving papers, the proposed new evidence consists of conclusions of a witness, rather than facts. The proposed new evidence was available to plaintiffs long before trial and should have been known by them under the circumstances present. There is an utter failure to show that the proposed new evidence was not and could not have been discovered before trial in the exercise of reasonable diligence. There must be some finality to litigation. Order unanimously affirmed, with $10 costs. Present — Foster, P. J., Heffernan, Brewster, Bergan and Coon, JJ.

■

Alfred G. Lavigne, Appellant, v. Susan Lavigne, Respondent.— Appeal from an order of the Supreme Court, St. Lawrence County granting alimony and a counsel fee to the defendant. Plaintiff commenced an action for separation by the service of a summons. Defendant retained counsel and a notice of retainer was served on her behalf. Plaintiff never served a complaint, but went to the State of Nevada where he obtained a decree of divorce in another action. Defendant did not appear in that action either personally or otherwise. Plaintiff did not appear on the motion of defendant for a counsel fee and alimony in the action which he commenced in this State, but he argues that the court here was without jurisdiction to make the order appealed from. Order unanimously affirmed, with $10 costs. Present — Foster, P. J., Heffernan, Brewster, Bergan and Coon, JJ.

■

Mary M. Caloro, as Administratrix of the Estate of Cosmo Caloro, Deceased, Appellant, v. State of New York, Respondent. (Claim No. 28647.) — Appeal from a judgment of the Court of Claims dismissing the claim. Claimant's husband was killed by a motor vehicle while walking on a State highway, passing around a pile of sand which had been placed by the State on a path running parallel to the highway. The Court of Claims has found the State negligent by obstructing the walk, but has dismissed the claim on a factual finding of the contributory negligence of the decedent. The decision in respect of contributory negligence is not against the weight of evidence as we view the facts and is consistent with the verdict of a jury on a previous trial which was affirmed on appeal (*Caloro* v. *Smith,* 273 App. Div. 927, affd. 298 N. Y. 808). Judgment affirmed, without costs. Heffernan, Brewster, Bergan and Coon, JJ., concur; Foster, P. J., concurs for the additional reason that negligence on the part of the State was not shown.