Bernard Ryan, P. J.
Claimant is a copartnership of professional engineers. By letter dated February 11, 1953, the New York State Thruway Authority advised claimant that it had been approved for a contract to provide engineering services for supervision of construction of the Hudson section of the Thruway, Tuckahoe Road to Tarrytown. It was told that ‘ ‘ The agreement for such services may be expected to be executed immediately after the award of a construction contract for this portion of the Thruway” and that “ This letter is your authority to proceed with whatever preliminary work is necessary in connection with the services required by such a supervision contract prior to its actual execution.”
Claimant accepted the employment by return mail and proceeded to engage upon its duties. However, the formal written agreement was not executed until more than one year had passed. It is dated April 19, 1954 and bears approval by the Attorney-General April 27, 1954 and by the director of Thruway finance May 4, 1954. The document was transmitted to claimant May 20,1954.
In the meantime, claimant was rendering its professional services to the Thruway Authority which on February 18, 1954 awarded to a successful bidder the contract for the construction of the designated Thruway section. This contract provided that work should begin within 10 days of the signing thereof and would be completed on or before June 1, 1955.
*523 The contractor did not meet the completion date which was extended four times by the Thruway Authority upon the construction contractor’s application. Extensions were granted to September 1, 1955, to October 1, 1955, to December 15, 1955 and finally to September 1, 1956. Construction was completed August 30,1956 and the work was accepted September 26,1956.
Claimant’s agreement "with the Thruway Authority did not specify a completion date. It did require claimant to provide engineering supervision and inspection services until the completion and the final acceptance of the work to be done by the construction contractor. The Thruway Authority agreed to pay and the claimant agreed to accept as full compensation for its services 4% of the final construction costs, less certain miscellaneous items which are not of concern in arriving at a determination of the issues presently before us.
Except for accrued interest upon certain sums, claimant has been paid by the defendant voluntarily, or as the result of a prior judgment of this court, all moneys due it as audited in the final estimates at the 4% rate. But it herein demands damages in the sum of $81,185.75, together with interest thereon, which it claims resulted from the extensions of time of the construction contract beyond the stated completion date. The amount of damages above stated is not controverted by the defendant which does, however, dispute claimant’s right to recover any sum.
It is the position of the Attorney-General, here representing the Thruway Authority, that because the agreement required claimant to provide supervision and inspection services until the completion and final acceptance of the contractor’s work, because it required claimant to inspect the work to insure compliance "with contract specifications, because it required claimant to compile and submit all reports of progress including monthly and final estimates as well as tracings of the completed work, and because claimant agreed to accept 4% of the complete and final construction costs as its compensation, claimant bound itself to perform its services for said stated compensation no matter when the construction contractor finished the job. The Attorney-General further argues that it was the claimant’s duty to insure that the job was progressed satisfactorily. But the real power to impose sanctions upon an inefficient or dilatory contractor was retained by the Thruway Authority. Claimant could not remove the contractor from the job; could not hold up payment; could not cancel the contract nor avail itself of any other penalty for the contractor’s delay. The Thruway Authority held meetings and wrote letters. But it made no *524 real effort to compel the contractor to perform on time. Bather it condoned his delays by extending his time of completion.
The construction contract called for completion by June 1, 1955. The claimant’s contract clearly required claimant to prepare certain reports and estimates after completion. The Thruway Authority unilaterally extended the contract completion date yet required claimant to perform supervision services beyond that date. Thus this claimant’s contract was breached.
The Attorney-General’s argument carries him to such point of absurdity that, assuming that the Thruway sector designated was still in the hands of the contractor at the time of the trial, he asserts that even at that late date claimant would be required to render its services without further recompense.
Judgment for the claimant with interest is directed in the accompanying findings.
Upon the several findings of fact and conclusions of law found and adopted herein, the Clerk is directed to enter judgment in favor of Tippetts-Abbett-McCarthy-Stratton, the above-named claimant, and against the New. York State Thruway Authority
upon the
First cause of action............ $1,275.75
Second cause of action............ 1,803.16
Fourth cause of action............ 296.01
a total of..................... $3,374.92
together with interest thereon from January 15, 1959 to the date of entry of judgment herein and upon the
Third cause of action............ $81,185.75
together with interest thereon from August 14, 1957 to the date' of entry of judgment herein.