Melvin Osterman, J.
This is a motion brought by the defendant for permission to reopen the trial of this claim for the purpose of introducing additional proof on the question of movant’s liability.
This claim was originally tried before Hon. Bernard Btan, formerly Presiding Judge of this court, who rendered his decision on January 23, 1961, finding for the claimant in the amount of $96,047.82. Thereafter the defendant appealed to the Appellate Division, Third Department.
On appeal, the appellant sought to introduce into evidence before the Appellate Division, a certain letter written by an employee of the claimant to an officer of the defendant, which letter the appellant claimed would be material in deciding the issues heard at trial and' also on the appeal. The offer of evidence initially at the appellate level is an unusual procedure and the Appellate Division refused to receive such evidence, holding that it was not a document falling within the exceptions whereby that court could receive evidence de novo. In declining to' receive or consider the letter for the first time on appeal, the Appellate Division stated (15 A D 2d 598, 599): “ Opportunity should be afforded the Authority, however, to apply to the Court of Claims to reopen the case and to offer, and the claimant opportunity to object, refute or explain, the exhibit”.
The Appellate Division’s order on its decision remanded the case to this court to provide “ opportunity for that Court to consider a motion or motions by the defendant-appellant that the case be reopened for the purpose of receiving additional proof herein * * *”.
However, the Appellate Division was quite explicit in stating that (p. 600) “We do not, of course, suggest that the case be reopened by the Court of Claims; that the exhibit be received or rejected; or what effect it may have, if received.”
This court, therefore, may consider this motion without any specific directions or remittitur from the Appellate Division. The language of the Appellate Division’s decision and order indicates that its intent and disposition is to afford the defendant opportunity to move before this court and that a decision must be rendered upon such motion before the Appellate Division will decide the merits of defendant’s appeal.
The statutory basis for the instant motion is not spelled out in the moving papers. Bather, the movant relies upon his statement that “ the interests of justice will be served by the granting of this motion ”.
A motion to reopen a trial made before Special Term of this court is addressed to the court’s discretion and in the absence *481 of specific allegations of misconduct of the court or error in law or in fact, a motion for such reopening will only he granted upon a clear showing that newly discovered evidence, unavailable to movant at the trial, will now be offered. (Civ. Prac. Act, § 552; Rules Civ. Prac., rule 221 et seq.; Rice v. Rice, 279 App. Div. 838.)
The moving papers do not allege that this evidence was unavailable at the time of trial. On the contrary, the letter was in the defendant’s possession, but the defendant failed or neglected to offer it at the time of trial. The movant, therefore, has failed to show a basis for the exercise of the court’s discretion. (Silverman v. Berson, 280 App. Div. 854; Collins v. Central Trust Co., 229 App. Div. 363; Tripp, Cuide to Motion Practice, § 120.) Accordingly, this motion is denied.