Alexander Del Giorno, J.
This claim was tried originally before the then Presiding Judge of this court who rendered judgment against the defendant. (27 Misc 2d 522.)
Defendant appealed from that judgment and, on the argument of the appeal, offered, for the first time, a letter attributed to claimant. The Appellate Division declined to receive or consider the exhibit because defendant did not demonstrate that the letter offered was attached or related to any exhibit actually in evidence and because it was clear “ that the Judge of the Court of Claims never saw, considered or had his attention called *31 to this proposed exhibit.” The Appellate Division afforded defendant, however, the opportunity ‘ ‘ to apply to the Court of Claims to reopen the case and to offer, and the claimant opportunity to object, refute or explain the exhibit” and provided that if defendant were so advised, ‘6 it may submit an order remitting the case to the Court of Claims for further proceedings in connection with this proffered proof, and providing that the record now on file here be held here until either side reviews on appeal any further resulting order or judgment of the Court of Claims.” The Appellate Division stated that it did not suggest that the case be reopened by the Court of Claims, or that the exhibit be received or rejected or what effect it might have, if received. (Tippetts-Abbett-McCarthy-Stratton v. New York State Thruway Auth., 15 A D 2d 598, 599, 600.)
Defendant then moved in the Court of Claims before another Judge of this court for permission to reopen the trial of the claim for the purpose of introducing additional proof, i.e., the letter, on the question of defendant’s liability. The court denied the motion upon the ground that no basis was shown for the exercise of the court’s discretion to reopen the trial, as the evidence sought to be introduced was in the possession of the defendant who failed or neglected to offer it at the time of trial. (32 Misc 2d 479.)
This decision on the motion was affirmed by the Appellate Division. (17 A D 2d 672.)
Defendant then moved again for the same relief before the Judge of this court who had heard the prior motion to reopen. This application for an order to reopen was denied.
Defendant appealed from the order denying its motion to reopen. The Appellate Division reversed the order, holding that “ a sufficient reason for appellant’s failure to offer the letter on the trial has now been factually established.” The Appellate Division held further that “ the exhibit itself is of significance in the case and has direct relevancy to the merits ” and that “in the interests of an adequate adjudication of the cause the exhibit ought to be before and considered by the Court of Claims. ” (17 A D 2d 1025,1026.)
In view of a directive of the Appellate Division contained in its order of reversal, the claim has been given priority in the calendar of this court and has now come before still another Judge of the court.
The court construes the mandate of the Appellate Division in its order of reversal to mean that this court, having before it for consideration the exhibit in question, shall determine the question of its admissibility. If the court decides that the letter *32 should be admitted in evidence, then the court shall consider the question of the effect of the letter upon the original decision and judgment of the court.
The letter in question reads as follows:
KNAP|PEN-TIPPETTS-ABBETT-McCARTHY
Engineers
(Knappen Tippetts Abbett Engineering Co.)
Ernest F. Tippetts
Robert W. Abbett
Gerald T. McCarthy
William Z. Lidicker
James H. Stratton
62 West 47th Street
New York 36, N. Y.
PI 7-8001
October 28, 1955
Address Reply to
Fuller & Garriere Aves.
Ardsley, New York
H.T. 53-11, S.T. 53-34
R.C. 53-122, H.C. 2901
New York State Thruway
Hudson Section
Subdivision 10
Tuckahoe Rd.-Tarrytown, Pt. 1
Westchester County
Mr. J. S. Bixby, District Engineer
State Dept, of Public Works
Pleasant Valley Road
Poughkeepsie, New York
Dear Sir:
In accordance with the verbal instructions received from Mr. Carl Huhne o£ your office on October the 27th, we are submitting herewith our recommendations and comments regarding the request for Extension of Time submitted by the prime contractor on the subject contract on October the 12th.
As you know, this area was subjected to extremely heavy rains during the latter part of September and the second week of October of this year. As a result of these rains and subsequent flooding conditions in this area, the contractor was rendered practically inoperative during this period. Much of the completed work on the shoulders, slopes and subgrade had to be restored before progress could be resumed, especially on the paving operations. We feel that the inclement weather caused the contractor to fall at least a month behind schedule.
In addition to the aforementioned, some additional paving was added to this contract by revising Relocation “L” (S.H. 1053) in Ardsley to four lanes. The contractor has also been required to revise two wingwalls on the New England Interchange Bridge because of rock conditions at the site.
In view of the above, we feel that the extension of time requested is reasonable, and we recommend that it be approved.
Very truly yours,
KNAPjPEN-TIPPETTS-ABBETT-^MoCARTHY
s/ Frederick H. Zurmuhlen
Frederick H. Zurmuhlen
Resident Engineer
It is now admitted in evidence.
*33 From a reading of the findings of fact and conclusions of law, the court finds that the subject matter of the letter was presented at the trial by independent testimony. Judge Ryan held that for the other three extensions granted unilaterally by the Thruway Authority, it chose to do so without imposing engineering charges which would have compensated the claimant for the period of extension, over and above the stipulated contract fees. This letter, as the court reads it, is merely a reply by the claimant to an inquiry as to whether or not there were good reasons to grant the extension under consideration. It was not any more of an acceptance by the claimant of the extension of its contract than were the other extensions granted by the Thruway Authority. It is the opinion of this court, after full study of the matter, that its admission in evidence cannot serve to affect or change in any way the original decision and judgment of this court.
Accordingly, the court adheres to the original decision and judgment herein.