■ INGRID BURGBACHER et al., Appellants, v HELEN LAZAR, Individually and as Mother and Natural Guardian of JOSEPH WARNER, an Infant, et al., Respondents. (And a Third-Party Action.) — In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal from a judgment of the Supreme Court, Nassau County (Murphy, J.), entered October 4, 1982, in favor of defendants, upon a jury verdict. Judgment affirmed, with one bill of costs to defendants appearing separately and filing separate briefs. At approximately 8:45 P.M. on September 18, 1978, plaintiff Ingrid Burgbacher was knocked down by a bicycle driven by defendant Joseph Warner. The incident occurred in front of the premises known as 42 Edna Drive, Syosset, in the Town of Oyster Bay. At about 8:00 P.M. shortly before the accident, the Burgbachers, who lived at 45 Edna Drive, had gone outside to adjust the headlights on their son's Volkswagen. Mr. Burgbacher focused the Volkswagen's headlights on a station wagon, parked 25 to 30 feet in front of it. Mrs. Burgbacher stood in the middle of the road at the rear corner of the station wagon and told her husband where the lights were shining. Prior to the accident, Mr. Burgbacher asked his wife to step aside. She took 8 to 10 steps into the road, and stood in the southbound lane of traffic facing south. The road at that point curved to the right for southbound traffic. When Mr. Burgbacher indicated that they were finished, his wife turned and took one step toward her house before the collision took place. Defendant Warner, who was 15 years old at the time of the accident, testified that he was traveling south on Edna Drive in the southbound lane. As he approached a curve in the road he stopped pedaling. As he went into the curve, he saw car headlights which blinded his eyes. A "[s]plit second" later he saw Mrs. Burgbacher as he knocked her down. There was conflicting testimony as to whether in violation of subdivision (a) of section 1236 of the Vehicle and Traffic Law, Warner failed to equip his bicycle with a

light. However, Warner admitted that the bicycle was not equipped with a horn or bell as required by subdivision (b) of section 1236 of the Vehicle and Traffic Law. With respect to the statutory violations the trial court gave the following charge: "[W]here a statute creates a standard of conduct, a violation of that statute by an adult, constitutes negligence provided such violation was the proximate cause of the accident. However, where the violation is by an infant, it is a question of fact for you, the jury, to determine whether or not the infant will be charged with that violation. If you find that the infant on the basis of his age, his experience, intelligence and development, had the mental capacity to understand the meaning of the statute and to comply therewith, you should charge him with negligence for its violation. If, on the other hand, you find that the infant lacked the mental capacity to understand its meaning and comply with it, you should not charge him with negligence simply for its violation." Contrary to plaintiffs' contention, this charge was proper (see *Locklin v Fisher,* 264 App Div 452; *Poczkalski v Cartwright,* 65 AD2d 945). Whether Warner had the mental capacity to understand the meaning of the statute and comply with it was a question of fact for the jury to decide (see *Locklin v Fisher, supra*). We have considered plaintiffs' other contentions and find that they have no merit. Mollen, P. J., Damiani, Mangano and Gulotta, JJ., concur.