OPINION OF THE COURT
Alfred J. Weiner, J.
This is a proceeding under article 81 of the Mental Hygiene *212 Law for the appointment of co-guardians of the property of Lauren Lavecchia, an alleged incapacitated person (hereinafter known as AIP), who is an infant 13 years of age. The court appointed a court evaluator, Merril Sobie, Esq.
At the hearing, the court evaluator testified. The alleged incapacitated person was present.
The AIP, a 13-year-old infant, is a quadriplegic as a result of injuries sustained in an automobile accident. Pursuant to the settlement of the action resulting from that accident, an infant’s compromise order awarded funds payable to her. She is alert, knowledgeable, articulate and understands the nature of this proceeding and the reasons petitioner is seeking the relief requested.
The court’s authority to appoint a guardian in a Mental Hygiene Law article 81 proceeding exists if the court determines that the appointment is necessary and that the person either consents to the appointment or is incapacitated. (Mental Hygiene Law § 81.02 [a].) The determination of incapacity shall be based on clear and convincing evidence and shall consist of a determination that a person is likely to suffer harm because the person is unable to provide for personal needs and/or property management; and the person cannot adequately understand and appreciate the nature and consequences of such inability. (Mental Hygiene Law § 81.02 [b]; Matter of Maher, 207 AD2d 133.)
The court finds that the appointment of a guardian is necessary for the AIP since she is likely to suffer harm because she is unable to provide for her property management as a result of her physical disability and age.
The AIP cannot consent to the appointment of a guardian due to her infancy and is therefore under a legal disability. (Weber v State of New York, 267 App Div 325.) An infant is deemed to lack an adult’s knowledge of the probable consequences of his acts or omissions. (Locklin v Fisher, 264 App Div 452.) Furthermore, the AIP can adequately understand and appreciate the nature and consequences of her inability and is therefore not incapacitated as defined in Mental Hygiene Law § 81.02 (b) (2).
Mental Hygiene Law § 81.01, which defines the legislative findings and purpose of article 81, states, in part, that: "The legislature hereby finds that the needs of persons with incapacities are as diverse and complex as they are unique to the indi *213 vidual. The current system of conservatorship and committee does not provide the necessary flexibility to meet these needs”.
The purpose of article 81 of the Mental Hygiene Law was to address the decision-making needs of disabled older adults and to replace the existing statutes governing conservators of property and committees under former articles 77 and 78 of the Mental Hygiene Law. It was not intended as an alternative to the existing statutes governing infants and mentally retarded and developmentally disabled persons under SCPA articles 17 and 17-A. In the case of an infant who is physically disabled, a SCPA article 17 guardianship proceeding is the more appropriate proceeding to appoint a guardian than a Mental Hygiene Law article 81 guardianship proceeding.
In this case, the AIP is an infant who has been physically disabled and whose needs could be adequately met by the appointment of a guardian pursuant to the provisions of SCPA article 17. Therefore, on the court’s own motion, this petition is converted to a petition for the appointment of a guardian of the property of an infant, pursuant to SCPA article 17, and is transferred to the Rockland County Surrogate’s Court for determination.