E. B. MULLER & CO. *v.* HINES.

RAILROADS—GROSS NEGLIGENCE—EVIDENCE—SUFFICIENCY.

> In an action for damages to plaintiff's office building, caused by defendant railway company's freight car being forcibly pushed over the bumpers against same at the end of a side track, where defendant was released from ordinary negligence by reason of an agreement with plaintiff, and if liable at all it was for gross negligence, testimony that, while the train was backing onto the siding, the rear brakeman was up near the engine and at least 600 feet from the end of the siding, where it was his duty to be, *held*, to justify a finding of gross negligence on the part of defendant's employees within the definition of that term in the trial court's charge to the jury, which was approved by defendant's counsel.

Error to St. Clair; Tappan (Harvey), J. Submitted October 25, 1921. (Docket No. 117.) Decided December 21, 1921.

Case by E. B. Muller & Company against Walker D. Hines, director general of railroads, and the Pere Marquette Railway Company for damages to plaintiff's building. Judgment for plaintiff. Defendants bring error. Affirmed.

*Parker, Shields & Seaton* (*Lincoln Avery*, of counsel), for appellants.

*Walsh & Walsh*, for appellee.

SHARPE, J. The plaintiff owns and operates a chicory factory just outside the corporate limits of Bay City. The defendant's belt line has a side track 850 feet in length leading to this factory. At the end of the track, a bumping post was placed to prevent cars from

overrunning the siding.     Plaintiff's office building stood a few feet from the bumper.     It was of brick veneer construction.     About 9 o'clock on the night of November 22, 1919, defendant's regular freight train from Saginaw, estimated to contain from 30 to 50 cars, arrived at this switch.     After setting out its way car, the employees in charge of the train proceeded to place some of the cars on this side track. The crew consisted of an engineer, conductor, and rear and head brakemen.     The rear brakeman went back along the switch and found several cars there, the number he could not recall.     There were in fact four, an empty gondola near the bumping post, then a space of 16 feet, then a loaded car, then another space of 6 or 8 feet, and then two loaded cars.     As the train was backed in on the side track, it pushed these cars together, separated the body of the gondola from its trucks and pushed it over the bumping post and into the office building, doing a damage thereto conceded to amount to $478.

Defendant's counsel moved for a directed verdict. This was denied.     The trial court held that the defendant was released from liability due to ordinary negligence by reason of an agreement of release therefrom entered into when the side track was put in. He submitted the question of defendant's liability on account of the gross negligence of its employees in charge of the train to the jury, who found for the plaintiff in the amount stated.

The only error presented for our consideration is thus stated by defendant's counsel:

"The court erred in not directing a verdict on the ground that there was no testimony or evidence that would sustain a finding of gross, wanton or wilful negligence, as alleged in the declaration."

The court instructed the jury:

"Now, gross negligence means an intentional failure

to perform a manifest duty in reckless disregard of consequences as affecting the life or property of another. It also implies a thoughtless disregard of consequences without exerting any effort to avoid them."

Counsel for the defendant say:

"We are not here raising the question or claiming that the side track agreement protects the defendants in cases of gross negligence."

Their contention is that the negligence at most—

"was a failure to correctly judge the proper distance or the amount of room for the accommodation of cars on that track."

Charles Baumeister, the rear brakeman, testified as follows:

"I was the rear brakeman, and my place was at the rear end of the train. * * * When we were backing into that siding I was at the top end of the yard up around seven or eight cars from the engine. There was nobody at the back end so far as I know. It was my place at the back end. The first thing I knew the engine started to snort, and we swung them down. I did not feel the train hit anything. After the train stopped I went back to see what the trouble was, and the battleship gondola was sticking inside of the house."

Defendant's counsel approve the instruction given defining "gross negligence." Let us then consider the conduct of the rear brakeman in the light of this definition. Clearly, it was his duty, when the train entered the siding and approached the cars standing thereon, to have placed himself in a position where he could signal the engineer, or if on a bend the front brakeman, when the end of the train was approaching the end of the side track. He neglected his duty, not in misjudging the amount of room required for the accommodation of the cars being pushed into the siding, but in failing to place himself in a position where

he could exercise a judgment about it.    According to his own testimony, he was at least 600 feet distant from the end of the siding.    His conduct could well have been considered by the jury as an intentional disregard of a plain legal duty, an utter indifference to the obligation imposed on him by his service.    The inexcusable character of this omission on his part, coupled with the knowledge he must have had of the likely or probable result of this heavy train striking the standing cars with the force indicated by the effect of the collision, might well have been found by the jury to raise a presumption that his conduct was in reckless disregard of the consequences as affecting the property of the plaintiff.    While the record does not disclose any intentional injury to plaintiff's property, it seems to us that the jury were justified in finding that plaintiff's loss was due to an act of gross negligence on the part of the defendant's employee, within the meaning of that term as defined in the instruction given.

The judgment is affirmed.

STEERE, C. J., and MOORE, WIEST, FELLOWS, STONE, CLARK, and BIRD, JJ., concurred.