JOSEPH LaDUKE, Appellant, *v.* INTERNATIONAL PAPER COMPANY, Respondent, Impleaded with GEORGE VIDTAL MOREL and EDGAR TELLSTONE, Defendants.

Third Department, January 10, 1940.

*Nathan A. Propp* [*Benedict S. Rosenfeld* of counsel], for the appellant.

*Moore & Herron* [*William J. Herron* of counsel], for the respondent.

HILL, P. J. The plaintiff appeals from a judgment dismissing his complaint at the close of his evidence in an action brought to recover for personal injuries. The evidence most favorable to him is that he was struck by the automobile driven by defendant Morel while walking northerly on the right shoulder of a two-strip concrete roadway sixteen feet wide, going from Tupper Lake to Piercefield; that a truck driven by the defendant Edgar Tellstone, in the employ of the respondent International Paper Company, going southerly, drove upon and occupied two-thirds of the easterly half of the concrete pavement, forcing Morel, who was driving his automobile northerly, off the pavement and upon the easterly shoulder, where he injured plaintiff. The action was discontinued against Morel and Tellstone by consent. The trial justice stated the reasons for dismissing the complaint against respondent International Paper Company: " I am satisfied there is no evidence here that the truck in question struck this man. There is no evidence that the truck was in the employ of the International Paper Company, and, besides that, the plaintiff has wholly failed, in my judgment, to establish the burden of proof upon him to show himself free from contributory negligence."

Considering these grounds in the order named: Respondent would be liable if its truck was negligently and unlawfully driven upon the portion of the highway provided for north-bound vehicles thereby forcing Morel to drive upon the shoulder where plaintiff was walking. (*Rosen* v. *Gray*, 247 N. Y. 589; *DeCarvalho* v. *Brunner*, 223 id. 284; *Hart* v. *Ruduk*, 233 App. Div. 453; *Edick* v. *Davenport*, 218 id. 198; *Hancock* v. *Steber*, 208 id. 455.) Tellstone with his truck was drawing pulp wood belonging to respondent from Piercefield to Corinth, for which he received four dollars and thirty-five cents a cord. Respondent owned about 30,000 cords of this wood, which was being moved by ten or more truck drivers working under the same terms as Tellstone. The company's official in charge says: " Well, Mr. Tellstone called me on the telephone about a week previous to the date he came to my office, and he said he understood that there was wood there that was to be drawn to Corinth and that he would like to get a job. I told him at that time that there was no opening, we had all the trucks we needed, but possibly in another week or ten days there would be an opening there for him, and I told him to come around in about a week, and he did. As I recall it, he came around in about a week or ten days, and he came into the office and he wanted to know if the job was still good, and I said yes. Well, he said, what do you pay, and I told him. Q. What did you tell him? A. I told him that the company were paying $4.35 per cord for wood delivered

in Corinth, he to do his loading and unloading and assume all responsibility. And Mr. Tellstone went on drawing wood. * * * What I meant to say was, in all probability you wouldn't discharge him if he had his load on. If I had some grievance against him and wanted to discharge him, if he wasn't loaded, why I would have discharged him, but if his truck was loaded I don't think I could discharge him until he got at the other end. * * * Q. If you had wanted him to make his deliveries over certain roads, so he would not conflict with trucks over other roads, would you have told him to come over certain roads? A. We did not. That was absolutely up to him to take whatever road he wanted. Q. If you told him to do that, you would expect him to obey your orders? * * * A. Why, yes." An employer selects an employee to do his work in the manner he directs, and may discharge the latter for misconduct if the work is not done as directed. (*Blake* v. *Ferris*, 5 N. Y. 48; *Town of Pierrepont* v. *Loveless*, 72 id. 214; *Butler* v. *Townsend*, 126 id. 105.) Tellstone had not contracted to draw any given quantity of the wood, but only such as respondent directed. He, therefore, was doing respondent's work and not his own under a contract. (*Schmedes* v. *Deffaa*, 153 App. Div. 819; revd. on dissenting opinion, 214 N. Y. 675.) Tellstone was an employee and not an independent contractor. (*Hexamer* v. *Webb*, 101 N. Y. 377; *Matter of Beach* v. *Velzy*, 238 id. 100; *Link* v. *Kennedy*, 256 id. 565; *Henault* v. *Endres Co.*, 251 App. Div. 758.) The fact that plaintiff was walking on the shoulder of the road at his right did not make him guilty of contributory negligence as matter of law under the evidence in this case. (*Tedla* v. *Ellman*, 280 N. Y. 124.) His negligence, or the lack of it, should have been determined by the jury.

The judgment should be reversed on the law and facts, with costs, and a new trial granted.

BLISS, SCHENCK and FOSTER, JJ., concur; CRAPSER, J., dissents and votes to affirm.

Judgment reversed on the law and facts, with costs, and a new trial granted.