JAMES CAMERON
*vs.*
CECIL R. STEWART

Kennebec.   Opinion, August 26, 1957.

*Cratty & Cratty,* for plaintiff.

*Robinson, Richardson, Leddy,* for defendant.

SITTING: WILLIAMSON, C. J., WEBBER, BELIVEAU, TAPLEY, SULLIVAN, DUBORD, JJ.

BELIVEAU, J. On exception. At the close of the plaintiff's case, the defendant's motion for a nonsuit was granted. Exception was taken.

The plaintiff's action is to recover damages suffered by him when struck by an automobile operated by the defendant.

The uncontradicted evidence shows that on the morning of January 8, 1956, about 6:30, the plaintiff coming from his work at the Maine Central Railroad, was walking southerly on the westerly side of College Avenue in Waterville when he was struck by an automobile operated by the defendant.

The plaintiff was an employee of the Maine Central Railroad and had been for 30 years prior to the accident. His regular hours of employment were from 7:30 in the morning to 4:30 in the afternoon; however, he was frequently called to do extra work and on January 8 he worked from 2:30 to 6 o'clock in the morning, cleaning switches—to remove snow which had fallen during the night. He left the sheds of the Maine Central Railroad shortly after six, that morning, and walked on the easterly side of College Avenue and then across the railroad tracks at a point opposite the Jefferson Hotel and proceeded southerly on the westerly side of College Avenue. He was walking outside of the cement portion of the road, on a gravel strip about 9 feet wide, when he was struck.

While the reason for granting the nonsuit was not given by the presiding justice, it is assumed it was because of the

plaintiff's alleged violation of Section 147, Chapter 22 of the Revised Statutes, which reads as follows:

"Where sidewalks are provided and their use is practicable, it shall be unlawful for any pedestrian to walk along and upon an adjacent way.

When sidewalks are not provided, any pedestrian walking along and upon a highway shall, when practicable, walk only on the left side of the way or its shoulder facing traffic which may approach from the opposite direction."

It is admitted by the plaintiff that he was not walking on either of the sidewalks on the easterly or westerly sides of College Avenue, nor walking on the left side of the way, facing traffic.

It has been held by this and other courts that a violation of law is prima facie evidence of negligence. Was this alleged contributory negligence a proximate cause of the accident? In other words, did the plaintiff's alleged violation contribute to the accident? If there is evidence to rebut the presumption, and it is believed by the jury, the defendant takes nothing from that presumption.

It is well-settled law in this state, which needs no citation, that when a motion for nonsuit is under consideration, all the evidence must be viewed most favorably for the plaintiff.

The pavement on College Avenue, at the point where this accident occurred, was 45 feet wide, not including the nine-foot gravel strip on the westerly side. The easterly side was paved to the sidewalk.

The officer who was called to investigate, testified there was a snowbank on the westerly side of the road and one on the easterly side; that the sidewalks on the easterly and westerly sides had not been plowed. This officer further testified that both tires, on the right of the car, were off the pavement, on the gravel portion.

There was also evidence from this officer of an admission by the defendant that his windshield was all frosted, that he had scraped it on the driver's side, did not see the plaintiff until it was too late to stop, and there was no blowing of the horn.

The plaintiff testified that when struck, he was walking on the gravel part of the road, a good 8 feet from the pavement, and that the sidewalks were not plowed on either side of the street. He further testified that, in his opinion, it was safer for him to walk, as he did, on the strip of gravel westerly of the pavement.

The evidence raises clearly important questions of facts to be decided by a jury. The jury must first determine whether the use of sidewalks on College Avenue at 6:30, on the morning of January 8, 1956, in view of all the circumstances disclosed by the evidence, was practicable. If not, the plaintiff was not negligent in using that part of the highway. Admittedly the plaintiff was not facing traffic, as required when practicable.

If these two questions are resolved in favor of the plaintiff he, then, was not guilty of contributory negligence but, if his negligence was established then the last question to determine is his alleged contributory negligence.

The evidence presents facts which were essential for the jury to determine. In *Hamilton* v. *Littlefield,* 149 Me. 48, the court said that it was a question of fact whether the use of a sidewalk was practicable and the same as to walking on the left-hand side of the road or with traffic.

In *Stearns* v. *Smith,* the court ruled that in any case such as this, as to the use of sidewalks by the plaintiff, the jury must consider the time, the place and the surrounding circumstances in reaching their conclusion. Another question for the jury to decide, according to this decision, is whether the violation of the pedestrian statute, if any, was a proximate cause of the accident.

"One who breaks the statute in question is not necessarily guilty of contributory negligence as a matter of law. He does not thereby become an outlaw to whom no duty is owed by, and with no redress against, the motorist who injuries him. The usual rules of causation remain applicable."

*Stearns* v. *Smith,* 149 Me. 127.

In view of the evidence considered most favorably for the plaintiff, the case shows a number of facts which, if resolved in favor of the plaintiff, would entitle him to a verdict.

The problem here was not one of law but one of fact.

*Exception sustained.*