RICHARDSON *v.* GREZESZAK.

AUTOMOBILES—PEDESTRIANS—NIGHTTIME—EQUALLY DIVIDED COURT.
Verdict and judgment for defendant motorist in action by south-
bound pedestrian walking in westerly portion of highway in
the nighttime when struck by defendants' southbound car is
affirmed by an equally divided court.

Appeal from Iosco; Dehnke (Herman), J. Sub-
mitted April 14, 1959. (Docket No. 50, Calendar No.
47,824.) Decided November 25, 1959.

Case by Sanford Richardson against Lawrence
Grezeszak and Leonard Grezeszak for personal in-
juries sustained when struck by automobile. Verdict
and judgment for defendants. Plaintiff appeals.
Affirmed by an equally divided court.

*Marcus, Kelman, Loria, McCroskey & Finucan*
(*George L. Downing,* of counsel), for plaintiff.

*Smith & Brooker,* for defendants.

CARR, J. (*for affirmance*). Plaintiff brought this
action to recover damages for injuries incurred by
him in a traffic accident occurring on trunkline high-
way M-65, in Iosco county, between 9:30 and 10
o'clock in the evening of April 7, 1956. At the time
of said accident plaintiff was walking in a southerly

REFERENCES FOR POINTS IN HEADNOTES
3 Am Jur, Appeal and Error § 1160.

direction on the west or right-hand side of said highway. The proofs disclose that he had been driving a truck which had become stalled in a mudhole in the road, and he was seeking assistance to help him move his vehicle. At the time in question he was accompanied by a young man named Jerry Spencer who had volunteered to attempt to find a tractor that could be used in the operation.

The highway where the accident occurred was approximately 20 feet in width with a dividing line in the center. The shoulders were composed of gravel, clay and sand, and were approximately 5 feet in width on each side of the pavement. Atmospheric conditions at the time were described by witnesses as "misty", and there was some precipitation. The visibility was poor. The automobile involved in the accident was owned by defendant Lawrence Grezeszak and was being operated with his knowledge and consent by the other defendant. According to the testimony of the latter, he was driving approximately 35 miles per hour and could see ahead for a distance of about 50 feet. It was his claim that when he discovered plaintiff on the highway he was unable to avoid striking him.

The testimony was in dispute as to where plaintiff was walking at the time he was struck by the automobile. On behalf of defendants testimony was offered to the effect that plaintiff was on the pavement, the driver placing him approximately 3 feet from the west edge, and another witness, who apparently was disinterested, stating that he was approximately 8 inches to a foot on the pavement. Plaintiff claimed that he was on the shoulder of the road, approximately 3 feet off the pavement. He was corroborated in his claim that he was on the shoulder by his witness Spencer, who was walking slightly in advance of plaintiff and to his right. The witness did not claim that he looked at plain-

tiff immediately prior to the accident but based his opinion as to plaintiff's location on the fact that he could hear him walking on gravel.

The trial judge charged the jury that defendant driver was guilty of negligence as a matter of law because he was proceeding at a rate of speed that did not permit him to stop within the assured clear distance ahead.* The court further charged in substance that if plaintiff was walking on the pavement at the time he was struck by defendants' automobile he could not recover, such charge being based on section 655 of the motor vehicle code of 1949 (CLS 1956, § 257.655 [Stat Ann 1952 Rev § 9.2355]). Said section reads as follows:

"Where sidewalks are provided, it shall be unlawful for pedestrians to walk upon the main traveled portion of the highway. Where sidewalks are not provided, pedestrians shall, when practicable, walk on the left side of the highway facing traffic which passes nearest."

The proofs disclosed that plaintiff was struck on his left arm and thrown to the ground, the arm and his right shoulder being injured. Apparently on the theory that under the proofs plaintiff might have been walking on the shoulder of the road so close to the edge of the pavement that his arm projected over it, the trial judge left to the jury the question as to plaintiff's contributory negligence in the event that it was found that he was not actually walking on the pavement. A verdict was returned in favor of the defendants, plaintiff's motion for a new trial was denied, and this appeal has resulted.

Counsel representing plaintiff on the trial requested that the claimed issue of wilful and wanton misconduct on the part of the driver of the auto-

* PA 1949, No 300, § 627 (CLS 1956, § 257.627 [Stat Ann 1952 Rev § 9.2327]). The amendment by PA 1957, No 190, does not affect the instant case.

mobile be submitted to the jury. The request was refused and such refusal is claimed to have been erroneous. The trial judge based his ruling, as is indicated by the opinion denying the motion for a new trial, on the lack of evidence to support the instruction as requested. On behalf of appellees it is contended that the trial judge ruled correctly in refusing to submit the issue of wilful and wanton misconduct to the jury because of lack of proofs indicating that the driver of defendants' automobile was guilty of any such conduct.

This Court, and other courts as well, has repeatedly pointed out that wilful and wanton misconduct is different in nature from negligence. In *Gibbard* v. *Cursan,* 225 Mich 311, 320–322, the Court after discussing certain principles applicable to negligence, including subsequent negligence, said:

"If one wilfully injures another, or if his conduct in doing the injury is so wanton or reckless that it amounts to the same thing, he is guilty of more than negligence. The act is characterized by wilfulness, rather than by inadvertence, it transcends negligence—is different in kind. Where recovery is sought on the theory that the injury was caused by wilful, wanton or reckless misconduct of a defendant, as distinguished from negligence, there is no more reason for permitting the defense of contributory negligence than in a case of assault and battery. True, such misconduct in this State and elsewhere usually has been called negligence, the word being qualified by such adjectives as gross, wanton, reckless, or wilful, but this is incorrect and has a tendency to mislead. We quote from a well-written opinion (*Atchison, T. & S. F. R. Co.* v. *Baker,* 79 Kan 183, 189, 190 [98 P 804, 21 LRA NS 427]):

" 'Although what is really reckless and wanton misconduct is sometimes spoken of as gross negligence, the expression is everywhere recognized as inaccurate and unfortunate, because it seems to im-

ply a difference only of degree, whereas the whole doctrine that contributory negligence is no defense where the injury is the result of recklessness and wantonness is based upon the theory of a difference in kind. For the same reason, the phrase "reckless and wanton negligence" has a misleading tendency. One who is properly charged with recklessness or wantonness is not simply more careless than one who is only guilty of negligence. His conduct must be such as to put him in the class with the wilful doer of wrong. The only respect in which his attitude is less blameworthy than that of the intentional wrongdoer is that, instead of affirmatively wishing to injure another, he is merely willing to do so. The difference is that between him who casts a missile intending that it shall strike another and him who casts it where he has reason to believe it will strike another, being indifferent whether it does so or not.'

"See, also, *Labarge* v. *Pere Marquette R. Co.,* 134 Mich 139 (14 Am Neg Rep 575); note, 21 LRA NS 427; 69 LRA 516; 23 LRA 552; 44 LRA 553; 20 RCL p 144; 14 ALR 131; Baldwin on Personal Injuries (2d ed), p 129; Cooley on Torts, p 674, and cases cited; 29 Cyc p 509; *Battishill* v. *Humphreys,* 64 Mich 514; *Schindler* v. *Milwaukee, L. S. & W. R. Co.,* 87 Mich 400; *E. B. Muller & Co.* v. *Hines,* 216 Mich 664; *Malmsten* v. *Marquette H. & O. R. Co.,* 49 Mich 94; *Vought* v. *Michigan United Traction Co.,* 194 Mich 343; *Wexel* v. *Grand Rapids & I. R. Co.,* 190 Mich 469; *Redson* v. *Michigan Central R. Co.,* 120 Mich 671; *Bouwmeester* v. *Grand Rapids & I. R. Co.,* 63 Mich 557; *Simon* v. *Detroit United Railway,* 196 Mich 586; *Matta* v. *Chicago & W. M. R. Co.,* 69 Mich 109 (12 Am Neg Cas 91); *Walter* v. *Detroit J. & C. R. Co.,* 191 Mich 181; *Putt* v. *Grand Rapids & I. R. Co.,* 171 Mich 216; *Montgomery* v. *Lansing City Electric R. Co.,* 103 Mich 46 (29 LRA 287); *Freeman* v. *Duluth, S. S. & W. R. Co.,* 74 Mich 86 (3 LRA 594).

"According to note, 69 LRA 516, and text, 20 RCL p 145, the elements necessary to characterize the injury in the case at bar as wilfully inflicted are:

" '(1) Knowledge of a situation requiring the exercise of ordinary care and diligence to avert injury to another; (2) ability to avoid the resulting harm by ordinary care and diligence in the use of the means at hand; (3) the omission to use such care and diligence to avert the threatened danger, when to the ordinary mind it must be apparent that the result is likely to prove disastrous to another.' "

There was testimony in the *Gibbard Case* that the defendants' truck struck and fatally injured plaintiff's intestate without any reasonable warning of its approach although the deceased, a minor 13 years of age, was in plain view of the driver for at least 80 rods and was actually seen when the truck was distant 10 rods. Under the facts indicated by the proofs it was held that the trial court was not in error in submitting the issue to the jury. The factual situation involved in the case was materially different from that in the case at bar. Here the defendant driver did not see plaintiff until it was too late to avoid him. While the driver was guilty of negligence in violating the statutory speed regulation, and the jury was so charged, the conclusion does not follow that he was guilty of wilful and wanton misconduct. The essential elements set forth in the quotation in the *Gibbard Case* from 20 RCL, p 145, are not here present.

Defendant driver was without actual knowledge that plaintiff was walking before him, proceeding in the same direction that traffic was moving, and after he discovered plaintiff's peril was unable to avoid the accident. Under the facts and circumstances of the present case defendant driver had no reason to anticipate that a pedestrian would be walking on the highway in front of him in a southerly

direction. He was not required to anticipate an act unlawful because prohibited by statute. *Winckowski* v. *Dodge,* 183 Mich 303, 312. See, also, *Knoellinger* v. *Hensler,* 331 Mich 197, and prior decisions there cited.

Subsequent decisions of the Court have recognized the essence of wilful and wanton misconduct as contained in the statement approved in *Gibbard* v. *Cursan, supra.* In *Willett* v. *Smith,* 260 Mich 101, the Court determined that there was no gross or subsequent negligence on the part of defendant, and then proceeded to consider the claim of wilfulness and wantonness. It was held that the proofs did not support plaintiff's claim in such respect and that defendant's conduct was at most negligent, rather than wilful and wanton. Among other decisions of like import is *McLone* v. *Bean,* 263 Mich 113. See, also, *McClure* v. *Steele,* 326 Mich 286 (13 ALR2d 160), in which the elements essential to constitute wilful and wanton misconduct as set forth in 20 RCL, p 145, were referred to as having been accepted by this Court. Of like import is *Alger, Smith & Co.* v. *Duluth-Superior Traction Co.,* 93 Minn 314 (101 NW 298), where it was said:

"There is a well-defined distinction between ordinary negligence and wilful or wanton negligence. Ordinary negligence is not actionable if the negligence of the injured party directly contributed to the result, but liability is incurred by wilful negligence irrespective of such contributory negligence. Wilful negligence is not simply greater negligence than that of the injured party, nor does it necessarily include the element of malice or an actual intent to injure another. But it is a reckless disregard of the safety of the person or property of another by failing, after discovering the peril, to exercise ordinary care to prevent the impending injury. *Fonda* v. *St. Paul City R. Co.,* 71 Minn 438,

450 (74 NW 166, 70 Am St Rep 341); *Sloniker* v. *Great Northern R. Co.,* 76 Minn 306 (79 NW 168); *Lando* v. *Chicago, St. P., M. & O. R. Co.,* 81 Minn 279 (83 NW 1089); *Olson* v. *Northern Pac. R. Co.,* 84 Minn 258 (87 NW 843); *Rawitzer* v. *St. Paul City R. Co.,* 93 Minn 84 (100 NW 664)."

In support of the claim that defendant driver was guilty of wilful and wanton misconduct counsel for plaintiff submitted a request to charge based on the language of this Court in *Ruth* v. *Vroom,* 245 Mich 88, 91 (62 ALR 1528). Involved in the case was the question whether the driver of the car in which plaintiff was riding was guilty of negligence as a matter of law in proceeding at a rate of speed that did not permit him to stop within the assured clear distance ahead. In discussing such question the following statement, on which the request was predicated, was made:

"The rule adopted by this Court does not raise merely a rebuttable presumption of negligence. It is a rule of safety. *Lett* v. *Summerfield & Hecht,* 239 Mich 699. It is not enough that a driver be able to begin to stop within the range of his vision, or that he use diligence to stop after discerning an object. The rule makes no allowance for delay in action. He must, on peril of legal negligence, so drive that he can and will discover an object, perform the manual acts necessary to stop, and bring the car to a complete halt within such range. If blinded by the lights of another car so he cannot see the required distance ahead, he must, within such distance from the point of blinding, bring the car to such control that he can stop immediately, and, if he cannot then see, shall stop."

As appears from the language above quoted, the Court was not considering any claim of wilful or wanton misconduct. The accepted rule that violation of a provision of the motor vehicle law is negli-

gence *per se* was recognized, but beyond that the Court did not go. In the instant case the plaintiff's request to charge omitted from the language of the Court in *Ruth* v. *Vroom,* above quoted, references to negligence. As stated it was limited in its application to such question. The trial court specifically charged the jury, as before noted, that defendant driver was guilty of negligence as a matter of law. Plaintiff was not entitled to the granting of the request as bearing on the issue of defendants' negligence, or, for the reasons herein stated, on any claim of wilful and wanton misconduct.

Without further discussion of this phase of the case, we are in accord with the conclusion of the trial judge that the proofs did not justify the submission to the jury of the question of wilful and wanton misconduct on the part of the driver of defendants' automobile. The essential elements constituting such conduct were not established. Appellant's argument in this respect would lead to the conclusion that a claim of wilfulness and wantonness might be predicated on any breach of a statutory provision regulating traffic on public highways.

The declaration filed in the case alleged that Leonard Grezeszak was guilty of negligence in several particulars constituting the proximate cause of the injuries to plaintiff, and that the latter was free from contributory negligence. As one of the acts of negligence charged, it was averred that defendants' car was driven "carelessly and heedlessly, in wilful and wanton disregard of the rights and safety of others, in violation of law, and statutes." No facts are set forth of such character as to constitute wilful and wanton misconduct. There is no allegation that said defendant saw the plaintiff in a position of peril, and that he had the ability by the exercise of proper care to prevent the accident, but that he failed so to do. Neither do we find other

facts pleaded that might tend to show wilfulness and wantonness. The mere use of the words "wilful and wanton" are not sufficient to constitute a properly pleaded cause of action on the ground of wilful and wanton misconduct. As before noted, the words are used here in connection with a charge of negligence. The rule of pleading in this respect is stated in 38 Am Jur, Negligence, § 269, p 958, as follows:

"A party who seeks to recover upon the theory of gross negligence must allege sufficient facts to lay a basis for gross negligence; it is not sufficient merely to allege that the defendant's acts were reckless, negligent, and unlawful. Moreover, mere negligence is not converted into wanton misconduct by the use of the word 'wanton' in connection with the specifications of negligence. If wanton misconduct is relied upon for recovery in an action for damages for personal injury, facts must be pleaded which reveal on their face the element of wantonness."

In *Naudzius* v. *Lahr,* 253 Mich 216, 229 (74 ALR 1189, 30 NCCA 179), this Court held that:

"To constitute a charge of gross negligence or wanton or wilful misconduct, the facts lifting the owner's faults above ordinary negligence must be set out. Such facts are not stated in this declaration and the charge here made against the defendant is no more than ordinary negligence."

In *Bonnici* v. *Kindsvater,* 275 Mich 304, plaintiff obtained a default judgment for personal injuries in an automobile accident, the declaration charging that defendant's car was traveling at the rate of 50 miles and upwards per hour, and that the collision was caused solely by the "wanton, wilful, reckless and negligence" of the defendant, without contributory negligence on the part of the plaintiff. Referring to *Naudzius* v. *Lahr, supra,* it was said (p 310):

"In the case at bar we must assume that all of the allegations in plaintiff's declaration are true, but in our opinion the words 'wilful' and 'wanton' are conclusions unsupported by the facts alleged in the declaration or proven at the hearing."

It was, in consequence, held that a discharge in bankruptcy obtained by defendant barred the collection of the judgment.

Also recognizing that "A declaration should plead facts, not conclusions" and that "Mere excessive speed does not constitute gross negligence" is *Quinlan* v. *Wells,* 291 Mich 214. The practical situation in the instant case is that neither the declaration on which the cause of action was tried nor the proofs therein required the submission to the jury of the question of wilful and wanton misconduct.

Appellant also contends that the trial judge was in error in charging the jury that the burden of proof rested on the plaintiff to satisfy the jurors by a preponderance of the evidence that he was not on the pavement when struck by defendants' automobile. This Court has repeatedly held that the violation of a State statute regulating traffic on public highways within the State is negligence *per se.* In *Benaway* v. *Pere Marquette R. Co.,* 296 Mich 1, an action for damages for personal injuries resulting in death, there was involved a statutory requirement that one driving a motor vehicle upon a highway after passing a reflectorized railroad disc sign should reduce speed to not more than 10 miles per hour within 100 feet of the crossing. Citing *Caswell* v. *New York Central R. Co.,* 263 Mich 18, it was held that a violation of such requirement constituted negligence *per se.* Judgment for defendant was accordingly affirmed on the ground that plaintiff's decedent was guilty of contributory negligence as a matter of law. A like holding was made in *Garbacz* v. *Grand*

*Trunk Western R. Co.,* 323 Mich 7. In that case
plaintiff's equipment, which was struck by a freight
train operated by defendant, was certificated by the
Michigan public service commission. Under an ap-
plicable rule of said commission it was the duty of
the plaintiff to bring his vehicle to a full stop and
not proceed until he had determined that it was
safe to cross the tracks. Such rule by virtue of
statute had the force and effect of law. It was held
that plaintiff was guilty of contributory negligence
for failure to observe the rule, and could not recover
damages for injury to his truck.

In *Ruth* v. *Vroom, supra,* it was recognized that
one operating an automobile at such a rate of speed
as did not permit him to stop within the assured
clear distance ahead was guilty of negligence as a
matter of law. A like conclusion was indicated in
*Corbin* v. *Yellow Cab Company,* 349 Mich 434. If,
therefore, plaintiff in the case at bar was in fact
on the paved portion of the highway, the conclusion
follows under the proofs in the case that he was
guilty of negligence. He was subject to the pro-
visions of the statute above quoted (CLS 1956,
§ 257.655 [Stat Ann 1952 Rev § 9.2355]). Said sec-
tion* was also involved in *Jacobson* v. *Carlson,* 302
Mich 448, in which its constitutionality was upheld.
The factual question there at issue was whether there
was a usable sidewalk along the street at the point
where the accident occurred. The trial court left
the issue to the jury, charging in effect that if there
was a usable sidewalk along the street and plaintiff
failed to use it but went into the street itself, he
would be guilty of negligence barring recovery. The
correctness of the charge was not questioned, and
judgment for defendant was affirmed.

---

\* CLS 1940, § 4726–1 (Stat Ann 1941 Cum Supp § 9.1594 [1]), now
reenacted in vehicle code, as cited.—REPORTER.

In *Martin* v. *Leslie,* 345 Mich 305, 309, this Court quoted from the charge in *Jacobson* v. *Carlson, supra,* holding that under the testimony submitted whether a sidewalk was usable was for the jury to determine, and, likewise, whether it was practicable to walk on the shoulder of the road. An analogous situation was involved in *Hodgdon* v. *Barr,* 334 Mich 60. Involved there was a statutory provision requiring that a driver making a right turn at an intersection should approach in the lane for traffic nearest to the right-hand side of the highway, and keep as closely as practicable to the right-hand curb or edge of the highway. There was testimony indicating that it was not practicable for defendant to pass to the right of another vehicle in order to get nearer the curb, and that in view of the dispute in this respect a question for the jury was presented.

In the case at bar there is no testimony suggesting that it was not practicable for plaintiff to walk on the shoulder of the road or on the east side thereof. He did not claim on the trial that he walked on the pavement because of the condition of the shoulder or that it would not have been practicable for him to walk on the other side of the road so he would have been facing oncoming traffic. Rather, it was his claim that he actually was on the shoulder when struck. It is undisputed that plaintiff's witness, Spencer, was walking on the shoulder, a fact indicating that it was not impracticable to do so. On the record here before us it is not open to question that it would have been practicable for plaintiff to either walk on the east side of the traveled portion of the road, or on either shoulder. There was no error in the charge of the trial court under the facts presented here.

The argument is advanced on behalf of appellant that, if he was guilty of negligence, such negligence was the remote cause of the accident and of the

injury by him sustained. Such claim approximates
the theory of liability on the basis of subsequent
negligence. However, if plaintiff was negligent on
the theory that he was violating the statute govern-
ing his conduct on the public highway, it is obvious
that such negligence had not terminated prior to the
accident but, rather, had continued concurrently with
that of defendant. In *Gibbard* v. *Cursan, supra,* 319,
320, the Court in discussing gross or subsequent neg-
ligence said:

"When will gross negligence of a defendant excuse
contributory negligence of a plaintiff? In a case
where the defendant, who knows, or ought, by the
exercise of ordinary care, to know, of the *precedent
negligence* of the plaintiff, by his *subsequent negli-
gence* does plaintiff an injury. Strictly, this is the
basis of recovery in all cases of gross negligence.
20 RCL, p 145. Such gross negligence is also some-
times called discovered negligence, subsequent neg-
ligence, wanton or wilful or reckless negligence, dis-
covered peril, last clear chance doctrine, and the
humanitarian rule. Other misconduct, different in
kind, is also generally and incorrectly known as
gross negligence, as we shall see later. *Richter* v.
*Harper,* 95 Mich 221; *Kelley* v. *Keller,* 211 Mich
404 (20 NCCA 228); *Fike* v. *Pere Marquette R. Co.,*
174 Mich 167; *Knickerbocker* v. *Detroit, G. H. & M.
R. Co.,* 167 Mich 596; *Buxton* v. *Ainsworth,* 138 Mich
532 (5 Ann Cas 146).

"The theory of gross negligence is that the ante-
cedent negligence of plaintiff only put him in a
position of danger and was therefore only the remote
cause of the injury, while the subsequently interven-
ing negligence of the defendant was the proximate
cause. Cooley on Torts, p 674; *Labarge* v. *Pere
Marquette R. Co.,* 134 Mich 139 (14 Am Neg Rep
575).

"If the plaintiff is in a position which has become
dangerous and he is free from negligence, and the
defendant knows, or ought by the exercise of or-

dinary care to know, of plaintiff's peril, and nevertheless negligently injures him, there is no occasion to invoke the doctrine of gross negligence to excuse negligence of plaintiff, for there is no negligence of plaintiff to be excused. *Schnurr* v. *Detroit United Railway,* 222 Mich 591.

"If the negligence of a plaintiff is concurrent with the negligence of a defendant, the rule as to antecedent negligence of plaintiff and subsequent negligence of defendant does not apply. The doctrine of gross, subsequent or discovered negligence may not be invoked to excuse concurrent negligence of a plaintiff. *Labarge* v. *Pere Marquette R. Co., supra; Krouse* v. *Southern Michigan R. Co.,* 215 Mich 139; 1 Thompson on Negligence, § 208; 7 LRA NS 132, 152; 17 LRA NS 707; 19 LRA NS 446; 27 LRA NS 379; Huddy on Automobiles (5th ed), p 610. And see *Richter* v. *Harper,* 95 Mich 221, at page 225."

It is of interest to note the comment of the Court in the language above quoted that where the doctrine of gross or subsequent negligence applies the antecedent negligence of the plaintiff is the remote cause of the injury, and the subsequent negligence of the defendant the proximate cause. Such, in substance, is the claim of appellant here, but under the facts it is not tenable for the reason above indicated. In *Conant* v. *Bosworth,* 332 Mich 51, the rule indicated in the language above quoted from *Gibbard* v. *Cursan, supra,* was followed, and a number of other decisions of like import cited. Further discussion would serve no useful purpose.

Counsel for appellant have called attention to *Locke* v. *Shreveport Laundries,* 18 La App 169 (137 S 645). In that case plaintiff's decedent, while on a public highway, was injured by a truck belonging to defendant and operated by its employee. The driver of the truck did not see decedent until after the impact. There was no other eyewitness of the occurrence, and it was uncertain whether plaintiff's

decedent was walking on the pavement or standing there awaiting his wife's return with their automobile. Neither was there proof as to the direction in which he was proceeding if, in fact, he was walking on the pavement rather than standing, or attempting to cross it. In the case at bar it is conceded that plaintiff was walking either on the pavement or on the adjacent shoulder of the road in the direction in which traffic was moving. The only factual question at issue on the trial was his position, when struck by defendants' car, with reference to the edge of the pavement.

Counsel have also cited decisions from Maine, Ohio and Tennessee, in support of their argument. We find, however, that in each case factual issues were raised by the proofs, requiring determination by the jury. In *Cameron* v. *Stewart* (1957), 153 Me 47 (134 A2d 474), the plaintiff testified that when struck by defendant's automobile he was on the gravel portion of the road approximately 8 feet from the pavement, and that he had not walked on sidewalks along the road because of snow thereon. Involved were statutory provisions similar to those in the section of the Michigan motor vehicle code hereinbefore quoted. The court recognized that a violation of the law was prima facie evidence of negligence but held that under the testimony questions of fact were presented for determination by the jury. The decision is analogous to the holding of this Court in *Hodgdon* v. *Barr, supra.*

In *Perry* v. *Baskey,* 158 Ohio St 151 (107 NE2d 328), plaintiff was walking westerly on the gravel berm of the road, as he claimed, when struck from the rear by defendant's automobile. No walk or path parallel with the street had been provided for the use of pedestrians. Defendant contended that plaintiff suddenly staggered from the southerly or left portion of the paved road directly into his path, and

that he did not have opportunity to avoid striking him, thus raising an issue of fact. It was held that the trial court was in error in directing a verdict for defendant, the court further indicating that the Ohio statute did not impose an absolute duty but merely a "rule of conduct." Such construction is not consistent with the decisions of this Court above cited.

In *Standridge* v. *Godsey,* 189 Tenn 522 (226 SW2d 277), plaintiff's decedent, a minor 17 years of age, was struck by defendants' truck while crossing a bridge. Apparently decedent and his companion were walking with traffic rather than against it. A statute of the State required that pedestrians, if obliged to use the traveled portion of a highway because of the absence of sidewalks maintained in proper condition for use, should keep as nearly as reasonably possible to the extreme left side or edge of same. It was recognized that a violation of the statute was negligence *per se,* but the court found from the undisputed facts that, because of traffic conditions existing on the bridge, decedent, had he been walking on the left side of the highway, could not have avoided a serious accident, and that under the circumstances whether the negligence of decedent contributed to the accident was a question for determination by the jury. We think the factual situations involved in the cases cited by counsel for appellant serve to differentiate them from the instant controversy.

At the time of the trial of this case in circuit court the burden of proof rested on the plaintiff to establish his freedom from negligence contributing to the accident and the injuries received by him therein. The trial judge obviously concluded, as indicated by his charge to the jury, that if plaintiff was walking in a southerly direction on the west side of the pavement in violation of the statutory provision

above cited his negligence in such respect was a proximate cause of said accident. The record in the case fully supports such conclusion, and we are in accord therewith. That plaintiff's conduct was a contributing factor to the unfortunate result is not open to serious question. In walking with traffic in violation of the statute and without exercising reasonable precautions for his own safety his conduct was not consistent with the exercise of due care. He should have realized that vehicles might be driven in a southerly direction on the west side of the highway, and he should have taken precautions accordingly.

The testimony of plaintiff's witness Spencer, undisputed in this respect, indicates that the lights of an approaching automobile could have been seen at a distance of several hundred feet. The clear mandate of the statute is that unnecessary peril should be avoided by pedestrians. If entitled to walk on the paved portion of the highway they should do so in such manner as to face oncoming traffic. Had plaintiff obeyed the law he might easily have avoided injury to his person. The following excerpt from his testimony indicates rather clearly that he, if he was walking on the pavement, was not only violating the statute but was proceeding without reference to indications of possible danger to himself and in disregard of consequences.

"*Q.* You have stated that you didn't see any lights coming up from behind, that you didn't have any realization that there was a car approaching from the rear?

"*A.* That is right.

"*Q.* You didn't see any lights on the highway that would indicate to you that a car was coming up behind you?

"*A.* (No answer).

"*Q. (By the Court):* Did you?

"*A.* I don't know. I wouldn't pay no attention to lights coming back and forth, if I did see a reflection of the light.

"*Q. (By Mr. Smith):* If you saw a light on the highway, you still wouldn't pay any attention to it. Is that right?

"*A.* I wouldn't, no. I wouldn't pay no attention.

"*Q.* Is it your testimony that you did or did not see a light on the highway itself?

"*A.* I saw a reflection of lights. I couldn't say whether they were right directly behind me or not.

"*Q.* But you did see some light on the highway. Is that right?

"*A.* I did, yes.

"*Q.* But you then just proceeded to walk on as you had been?

"*A.* That is right."

That plaintiff failed to exercise the care that a reasonably prudent person would have exercised under the circumstances is apparent if he was in fact walking on the pavement. We have, therefore, in such event, not merely a violation of the statute, the result of which might reasonably be anticipated as dangerous, but an actual disregard of facts that should have served to convey warning to plaintiff of possible danger. Cases above cited, and others of like import, recognize that such conduct on the part of an injured person seeking to recover damages is contributory negligence as a matter of law.

In the recent case of *Sahr* v. *Bierd,* 354 Mich 353, this Court reversed a judgment in defendant's favor because of the failure of the trial judge to give a requested instruction that defendant was guilty of negligence as a matter of law if he drove into an intersection in the path of a vehicle in which plaintiff was riding. The conclusion reached was that defendant's conduct was at least one of the causes of the accident and plaintiff's injuries. We have

an analogous situation in the case at bar.  The same rules of law apply to plaintiffs as to defendants. Furthermore, in the instant case the burden of proof rested on the plaintiff to establish freedom from contributory negligence.  This he failed to do.  The charge of the trial judge, based on such finding, is fully supported by the record.

The foregoing discussion covers the alleged errors on which counsel for appellant seek reversal.  The issues in the case, particularly plaintiff's claim as to the happening of the accident, were fully and clearly submitted to the jury.  The verdict rendered was supported by the proofs.  We find no error prejudicial to plaintiff of which appellant has complained, or is entitled to do so.  The judgment rendered in the circuit court is affirmed, with costs to defendant.

DETHMERS, C. J., and KELLY, J., concurred with CARR, J.

BLACK, J. (*for reversal*).  In ordinary negligence cases, where the degree of care which the law exacts of a plaintiff—to protect himself from injury—is no more than that of due care under the presented circumstances, we have declared many times that "if the danger depends at all upon the action of any other person under a given set of circumstances, the prudence of the party injured must be estimated in view of what he had a right to expect from such other person, and he is not to be considered blamable if the injury has resulted from the action of another which he could not *reasonably* have anticipated."*  This requisite, of dual view of "the conduct of different persons" when the question of contributory negligence is before the trial judge for

---

* The direct quotation is from *Detroit & Milwaukee R. Co.* v. *Van Steinburg*, 17 Mich 99, 119.

peremptory or general instruction, applies equally to determination of questions of proximate cause and contributory cause.

In *Van Steinburg* Mr. Justice Cooley, having observed that it "certainly can not be said that the plaintiff [pedestrian], on any view of the evidence, observed the highest degree of prudence in his conduct," turned to the subject of the defendant's asserted negligence and its relation to the presented question of contributory negligence. This conclusion, which during the intervening years has become nationally authoritative, was reached (p 124):

"And if we are to believe his [plaintiff's] evidence, he was entirely correct in his calculations, and it was only because the train came up at a speed twice as great as he had any right to anticipate that he found himself in danger. He may claim, therefore, that he was not guilty of a want of ordinary care and prudence, because the ordinary condition of things, which was what he was to look for, would not have made his position dangerous. The plaintiff's case is, that the extraordinary and unprecedented speed of the train was what put him in peril; and, if the case as made by him, should stand unshaken by other evidence there would be in this position so much of plausibility, that I do not see how a judge could set aside a verdict in accordance, as without evidence to support it."

Here are the testimonial facts, in this case of Richardson, which pertain to the defendant driver's conduct.

The defendant driver and his 5 passengers (making 6 all told in his father's Chevrolet) were on their way from Whittemore to a dance at Turner. Whittemore and Turner are small villages in sparsely settled portions of Iosco and Arenac counties. The distance between them is about 6 miles. The hour was between 9 and 10 in the evening. Weather con-

ditions, pertaining to visibility, were unusually bad. Driving visibility was restricted to substantial nil by a combination of rain, snow, and mist. The defendant driver testified that his continued rate of speed was "approximately 35 miles per hour"[*] and, as he approached the point of collision, that his driving vision was restricted still further by the headlights of an approaching car, which northbound car passed abreast at the substantial point where plaintiff was struck (this is the defendant driver's testimony). Despite such conditions the defendant driver proceeded on without slackening of speed and did not discover plaintiff in or near the path of his car until the 2 were so close as to preclude, prior to impact, application of the brakes of the car.[†]

The trial judge properly, in these circumstances, instructed the jury to find that the defendant driver was guilty of causal negligence. However, when the jury returned for instruction, the trial judge modified such last mentioned instruction, erroneously I believe, when he said that "a person may be walking on the shoulder, but so close to the edge of the pavement that he is in danger of being hit by a car going along in a legal manner." (The defendants' car was not "going along in a legal manner," as the judge had previously advised.)

Such jury-requested instruction, considered with omission of the trial judge to submit the mentioned issue of causal connection, constitutes in my view reversible error.

---

[*] The jury could have found such rate considerably greater in view of certain testimony showing the distance of travel of defendants' car after it struck Mr. Richardson.

[†] "*Q.* Did you see Mr. Richardson before you hit him?
"*A.* Slightly before.
"*Q.* Just a fraction of a second?
"*A.* Yes.
"*Q.* You were almost on top of him when you first saw him?
"*A.* Right."

The real question in this case of Richardson is whether, considering the testimony and Michigan's walk-on-the-left-side statute,* the jury was properly instructed on the subject of contributory negligence. The trial judge charged the jury (this is from the original charge, given prior to retirement of the jury):

"Under the pedestrian statute, I can't give you any clear-cut statement, because there is a dispute as to where the plaintiff was at the time he was struck by the defendant's car. The plaintiff says he was on the shoulder off the pavement. The defendant says the plaintiff was on the pavement. Under the circumstances of this case, the burden rests upon the plaintiff to satisfy you by a preponderance of the evidence that he was on the shoulder when he was struck and not on the pavement. If he has failed to do that, then he has failed to prove himself to be free from contributory negligence and he cannot recover, even though the defendant also was negligent, because under our law the plaintiff in such a case must prove both propositions by a preponderance of the evidence.

"There are no sidewalks involved here, but there is no evidence whatever that it was not practicable to walk upon the other side of the road where the law requires you to walk if it is practicable to do it. So upon that phase of the case, you may reach the conclusion that the plaintiff is not entitled to a verdict. However, if you come to the conclusion that a preponderance of the evidence shows that he was walking on the shoulder and not on the pavement, then there still is a question of fact for your consideration. It is the defendant's claim that even if the plaintiff was walking on the shoulder, he still was guilty of contributory negligence in: (1) not

---

* "Where sidewalks are provided, it shall be unlawful for pedestrians to walk upon the main traveled portion of the highway. Where sidewalks are not provided, pedestrians shall, when practicable, walk on the left side of the highway facing traffic which passes nearest." (CLS 1956, § 257.655 [Stat Ann 1952 Rev § 9.2355].)

taking note or heed of what was coming up behind him; and (2) in walking so close to the pavement that a car driving on the pavement in its proper place would be likely to strike his arm and knock him down.

"If the defendant's car went off the pavement and struck the plaintiff there, then the plaintiff is entitled to a verdict because he was not guilty of contributory negligence in that case. But if the accident happened because the defendant's car was on the pavement and the plaintiff walked so close to it that he was struck by the car, then you have a question of fact whether or not, all the circumstances considered, the plaintiff, Mr. Richardson, has established himself to have been free of contributory negligence."

It is noted that the quoted instruction—that plaintiff cannot recover if the jury should find he was "on the pavement" at the time of collision—was both peremptory and without qualification. It omitted all reference to the essential element of causation which, in order to justify a ruling or finding of contributory negligence, must unite the plaintiff's negligence with the injury complained of. Contributory negligence isn't just negligence—*per se* or otherwise. It is negligence of the plaintiff which proximately causes or proximately contributes to the injury or loss of which he complains. Its presence—or its absence—is determinable in a case like this according to the quoted rule of dual view.

Was this plaintiff contributorily negligent, as a matter of law, if it be found that he was "on the pavement"? An affirmative answer must, of necessity, rest on majority determination that the presented facts lift this case from the scope of the *general* rule that the question or questions of causal connection (even though the plaintiff's negligent act and the defendant's negligent act consist alike of violation of safety statutes) are of fact for the jury (see discussion and authorities collected in *Glinski*

v. *Szylling,* 358 Mich 182, and, as factually analogous
to this case, *Arvo* v. *Delta Hardware,* 231 Mich 488).

Perceiving in this case no fact-ground for depar-
ture from such *general* rule, I hold for its applica-
tion, my principal reason being that the plaintiff was
not bound—as a matter of law at least—to anticipate
that a motor car would rush up from behind at more
than twice the speed one normally would have ex-
pected in like circumstances of restricted visibility.
The conditions called for reasonable driving care,
not the kind of blind speed-driving which keeps a
car on the highway by port-bow watch of the white
line (or corresponding means not afforded by avail-
able view ahead). In short, the jury—properly in-
structed—could have found that the defendants' ad-
mitted negligence was the proximate cause and
plaintiff's statutory violation (if he did so violate)
a remote cause.

The question whether, on generally similar facts,
the issue of causal connection is one for determina-
tion of the court on motion, or the jury on proper
instruction, was considered at length in the leading
case of *Tedla* v. *Ellman,* 280 NY 124 (19 NE2d
987, 5 NCCA NS 710). The plaintiffs were wheeling
baby carriages loaded with junk and wood along
the right side of the pavement and were struck from
the rear by defendants' automobile. The court, hav-
ing declared (p 127) that "the only question pre-
sented is whether, as matter of law, disregard of
the statutory rule    *    *    *    constitutes contributory
negligence which bars any recovery by the plain-
tiffs," proceeded to hold that the question of causal
connection was one of fact, reasoning this way so
far as concerns that question (pp 133, 134):

"I have so far discussed the problem of the plain-
tiffs' right to compensation for the damages caused
by defendants' negligence as if it depended solely

upon the question of whether the pedestrians were at fault, and I have ignored the question whether their alleged fault was a proximate cause of the accident. In truth, the 2 questions cannot be separated completely. If the pedestrians had observed the statutory rule of the road they would have proceeded easterly along the roadway on the left of the center grass plot, and then, it must be conceded, they would not have been struck by the automobile in which the defendants were riding, proceeding in the same direction along the roadway on the right. Their presence on the roadway where they were struck was an essential condition of their injury. Was it also as matter of law a proximate cause of the accident? 'The position of a vehicle which has been struck by another may or may not have been one of the causes of the striking. Of course, it could not have been struck if it had not been in the place where the blow came. But this is a statement of an essential condition, and not of a cause of the impact. The distinction is between that which directly or proximately produces or helps to produce, a result as an efficient cause and that which is a necessary condition or attendant cause of it.   *   *   *   What is a contributing cause of an accident, is usually a question for a jury, to be determined by the facts of the particular case.' *Newcomb* v. *Boston Protective Department*, 146 Mass 596, 604 (16 NE 555, 559, 4 Am St Rep 354)."

*Tedla* is the established law of New York (*Wager* v. *State*, 257 App Div 580 [14 NYS2d 29] ; *La Duke* v. *International Paper Co.*, 258 App Div 375 [17 NYS 2d 608] ; *Caloro* v. *Smith*, 273 App Div 927 [77 NYS2d 621], affirmed on same ground in *Caloro* v. *Smith*, 298 NY 808 [83 NE2d 859]), and its rule is one of general agreement in most of the appellate courts of this country which have had occasion to consider, in suits for negligence, similar walk-on-the-left-side statutes in conjunction with technical or actual violations thereof. The authorities will be

found in a recent and painstaking brief assembled under the heading "Failure to comply with statute regulating travel by pedestrian along highway as affecting right to recovery" (4 ALR2d 1253). Here is the annotator's relevant summary (p 1256):

"Some courts have taken the view that such a violation is negligence *per se* or is negligence as a matter of law, while other courts have declared it prima facie negligence, or merely evidence of negligence. However, the courts are generally in accord that the mere violation of the statute, whether negligence *per se,* prima facie negligence, or evidence of negligence, will not bar recovery on the ground of contributory negligence unless the violation was a proximate cause of the injuries sustained by the pedestrian. It is generally agreed that the question as to whether the violation was a proximate cause is for the jury."

True, and as will appear on careful examination of the foregoing annotation and cases assembled therein, exceptional factors "other than the mere violation of the statute" quite properly have resulted in a determination that the question of proximate cause is for the court. See section 9 of the annotation, headed "Circumstances under which recovery barred" (pp 1260, 1261). But this case presents no such exceptional conduct on the part of Mr. Richardson. So far as the presented issue of contributory negligence is concerned, the first question—necessarily one of fact—was whether Mr. Richardson was walking on the pavement at and prior to the time he was struck. Having taken that question up in his charge, the trial judge should have instructed the jury that, if its finding on such disputed point should be against the plaintiff, then the question of causal connection should be considered for the purpose of determining whether the plaintiff pedestrian's negligence, or the defendant motorist's negligence, or

both concurrently, constituted the proximate cause of what injuriously occurred.

*To recapitulate:* Assuming Mr. Richardson was walking on the pavement (in violation of the statute) when he was struck, such act would not necessarily constitute a contributory cause. The previously described conditions of weather and visibility being what they were, a pedestrian so engaged in walking on the pavement is not chargeable (as a matter of law) with duty to expect that a motor vehicle is likely to approach from the rear at a rate of speed so blindly excessive as to literally insure striking anyone who, in or near the normal path of such car, might be standing on the pavement, or walking either way thereon longitudinally, or crossing the pavement.

For improper jury instruction I vote to reverse and remand for new trial, with costs to plaintiff.

EDWARDS, VOELKER, and KAVANAGH, JJ., concurred with BLACK, J.

SMITH, J. *(for affirmance).* The problem presented in this case concerns the effect to be given a regulatory statute* if no civil remedy is expressly provided in the statute for breach of the provisions.

Many courts, particularly in the older decisions, have taken the view that such a violation is negligence *per se.*† The difficulties with this view are manifold. The most striking, and the most offensive, is that its rigid application results in mechanical decisions which often disregard circumstances that

---

* The statute we consider states as follows:

"Where sidewalks are provided, it shall be unlawful for pedestrians to walk upon the main traveled portion of the highway. Where sidewalks are not provided, pedestrians shall, when practicable, walk on the left side of the highway facing traffic which passes nearest." (CLS 1956, § 257.655 [Stat Ann 1952 Rev § 9.2355].)

† Harper, Torts, § 78.

are important in the particular case. If the statute protects an interest of the plaintiff from the particular hazard resulting in injury, there is only one inquiry to be made, namely, was the statute violated?[1] If so, the result is automatic. Whatever this process may be called, it is not the doing of justice. It takes into account nothing of the surrounding circumstances, nor anything of the possibility of an excuse that would justify failure to comply with the regulatory statute. Such considerations are of the very essence of the standard of reasonable conduct.

Other courts, feeling that such rule is harsh and unrealistic, have permitted the jury to perform its time-honored function by permitting the case to go to it for decision upon various theories. One of these is upon a theory of proximate cause. The difficulty with the proximate cause solution in most cases, well illustrated by the facts before us, is that its use requires the employment of a fiction. When an automobile strikes a pedestrian walking along the highway we have a causal relationship as immediate and direct as that between the bullet and the target, the fist and the jaw. Harper and James comment with much force that "the notion of proximate cause has no legitimate application here. Nevertheless it has sometimes been used as a confused and undiscriminating phrase to cover an escape from the rigors of the negligence *per se* rule."[2] Fictions, of course, are often employed in the law[3] and are sometimes necessary, but they are dangerous servants since they so often become our masters

---

[1] We assume here that the statute was intended not for the sole protection of the pedestrian, but for the more comprehensive purpose of preventing a dangerous situation in which the driver is equally apt to be injured. See 2 Restatement, Torts, § 286.

[2] Harper and James, Torts, § 17.6 at p 1012.

[3] See Wu, Truth and Fiction in the Art of Justice, 36 U of Detroit LJ 130.

obscuring thought and cloaking the reasoning of the courts. It is preferable that we disclose and discuss the issues directly, not in metaphysical terms. We have commented heretofore upon the indiscriminate use of the term "proximate cause." We noted, in *Glinski* v. *Szylling,* 358 Mich 182, 197, its use, in that case, as a term synonymous with "cause in fact." Here its use cloaks a different problem, the effect upon civil liability of a regulatory statute. It was Dean Green who observed many years ago* that "The attempt which common-law courts have made to resolve every major problem of legal liability in tort into terms of causal relation marks the most glaring and persistent fallacy in tort law." The comment is particularly applicable to the analysis of the case before us in terms of proximate cause.

What is the weight properly to be accorded the fact of the violation of the statutory standard? Actually (unless the minds of reasonable men could not differ upon the evidence presented) it is a jury question. Why? Because it is peculiarly the function of the jury to set the standard of care. It is completely unreasonable and hopelessly mechanical to say that wherever a statute provides a standard of conduct its disregard results in liability. We are considering the common statutes stating, in effect, that pedestrians on a highway shall walk to the left of the center line. What if, left of the center line, there is a "very heavy Sunday night traffic" while on the other side pedestrians may "walk in comparative safety along a roadway used by very few cars?" In such a situation if the plaintiff chooses what he believes to be the safer route, yet is nevertheless struck, whether he was guilty of contributory negligence because of his disregard of the statute, should be a jury question. If the jury might, upon the

---

* Contributory Negligence and Proximate Cause, 6 NC L Rev 3.

evidence, find that the observance of the statutory rule exposed the pedestrian to a serious danger from which he would be free had he not observed the regulatory statute, they would be well justified in finding no violation of the care to be exercised by a reasonably prudent man in similar circumstances. This, in brief, is the case of *Tedla* v. *Ellman,* 280 NY 124, 128 (19 NE2d 987, 5 NCCA NS 710). That the *Tedla Case* should have gone to the jury is clear. Not, however, upon any question of proximate cause. This is merely a fiction employed to permit the jury to pass upon compliance with the standard of care. Actually the causal relation was both simple and direct. The proper ground for referral to the jury under the disclosed circumstances and statute is that the violation of the statute is merely one of the surrounding circumstances normally to be considered by the jury, together with the other circumstances presented upon the record. Such procedure is particularly appropriate where, as here, the statute itself sets the standard to be employed in terms of action "when practicable," and, moreover, prescribes no civil liability in event of violation.

In view of the above and similar considerations many courts now reject the strict and harsh rule of negligence *per se* found in the earlier opinions. Various factors have been submitted, even by courts that adhere to the rule, as excusing a failure to comply with the statute, such as impossibility of compliance or circumstances, causing noncompliance, over which the person charged has no control, or an emergency confronting him not of his own making. *E.g., Kisling* v. *Thierman,* 214 Iowa 911 (243 NW 552). See, generally, 2 Harper and James, Torts, § 17.6 at pp 1007–1011. In our State, the fact that a municipal ordinance has been violated has been held

only evidence of negligence, not negligence *per se,*[*] although as is noted in Prosser, Torts (2d ed), § 34, the prevailing view is that an ordinance is not to be distinguished from a statute.

This interpretation of the statute, that violation thereof is merely evidence of negligence, does not, of course, imply that every statutory violation must present a jury question. Here, again, we remain aware of the division of functions between judge and jury, well expressed in the oft-cited opinion[†] of Lord Cairns in *Metropolitan Railway Co.* v. *Jackson* (1877), 3 App Cas 193, 197 (47 LJ CP 303, 305):

"The judge has to say whether any facts have been established by evidence from which negligence *may* be reasonably inferred; the jurors have to say whether, from those facts, when submitted to them, negligence *ought* to be inferred. It is, in my opinion, of the greatest importance in the administration of justice that these separate functions should be maintained, and should be maintained distinct. It would be a serious inroad on the province of the jury, if, in a case where there are facts from which negligence may reasonably be inferred, the judge were to withdraw the case from the jury upon the ground that, in his opinion, negligence ought not to be inferred; and it would, on the other hand, place in the hands of the jurors a power which might be exercised in the most arbitrary manner, if they were at liberty to hold that negligence might be inferred from any state of facts whatever."

Mr. Justice COOLEY's conclusions in the first edition of his Law of Torts are equally clear (p 670):

"The proper conclusion seems to be this: If the case is such that reasonable men, unaffected by bias or prejudice, would be agreed concerning the presence or absence of due care, the judge would be quite

---

[*] *Rotter* v. *Detroit United Railway,* 205 Mich 212.
[†] *E.g.,* Pollock, Torts (11th ed), pp 453–455.

justified in saying that the law deduced the conclusion accordingly. If the facts are not ambiguous, and there is no room for 2 honest and apparently reasonable conclusions, then the judge should not be compelled to submit the question to the jury as one in dispute. On the contrary he should say to them, 'In the judgment of the law this conduct was negligent,' or, as the case might be, 'There is nothing in the evidence here which tends to show a want of due care.' In either case he draws the conclusion of negligence or the want of it as one of law."

The controversy before us largely turns on the accuracy of the charge given with respect to contributory negligence.* In this I find no error. If the plaintiff was in fact walking upon the pavement in the same direction as traffic, and not on the other side of the road, why was he not walking as the statute directs? Was his violation because of impossibility? Apparently not. His companion was admittedly walking on the shoulder. Was it more dangerous, as in the *Tedla Case,* to walk facing the traffic? There is no hint of this in the record. Did the excessive speed of the oncoming car put him in a position of peril where otherwise he would have been safe? I can only conclude from his own testimony that his peril was the result of his own indifference to his safety. He clearly stated that he saw lights upon the highway but that he paid no attention thereto. He was not, as a matter of law, in the exercise of due care for his own safety.

Affirmed. Costs to appellees.

---

* Upon the wilful, wanton issue the recent case of *Stevens* v. *Stevens,* 355 Mich 363, 371, should be added to those cited.